[No. 14384-8-III. Division Three. December 7, 1995.]

PATRICIA A. MILLER, *Respondent*, v. AETNA LIFE AND CASUALTY COMPANY, *Appellant*.

---

*Floyd E. Ivey* and *Liebler, Ivey, Larsen & Quigley*, for appellant.

*Michael T. Kozlowski*, for respondent.

MUNSON, J. — This case involves an exclusion to the underinsured motorist (UIM) coverage under a personal automobile policy. Aetna Life and Casualty Company appeals a summary judgment in favor of its insured, Patricia A. Miller. We hold the exclusion is void and affirm.

The facts are undisputed. On March 5, 1988, Lloyd Miller, while a pedestrian, was struck and killed by a vehicle owned by Distribution Trucking Company. At the time of the accident, Mr. and Mrs. Miller were insured under a personal automobile policy with Aetna which included UIM coverage. There was an exclusion to UIM coverage for any vehicle "[o]wned or operated by a self-insurer under any applicable motor vehicle law to the extent that damages are payable under a certificate of self-insurance." The policy also required arbitration if the parties were unable to agree on the amount of damages. Distribution had no insurance policy, liability bond, or certificate of self-insurance at the time of the accident. But Distribution had been authorized by the Interstate Commerce Commission (ICC) to self-insure if certain contingencies were met.

Mrs. Miller filed a claim with Aetna under the UIM provision. Aetna responded that Distribution was self-insured and the exclusion applied. Mrs. Miller sued, seeking an order compelling Aetna to arbitrate. The trial court granted summary judgment in favor of Aetna, and Mrs. Miller appealed to this court. This court, in *Miller v. Aetna Life & Casualty Co.*, 70 Wn. App. 192, 851 P.2d 1253 (1993) (*Miller* I), remanded the case to the trial court to determine if Distribution had met the contingencies imposed by the ICC at the time of the accident. After further discovery by both parties, both parties moved for summary judgment. The trial court denied Aetna's motion and granted summary judgment in Mrs. Miller's favor.

Aetna contends its exclusion to UIM coverage is not

void and, consequently, summary judgment in favor of Mrs. Miller was erroneous. The standard of review on summary judgment was set forth in *Miller* I and need not be repeated.

This court's holding in *Miller* I that a determination of self-insurance could satisfy the Aetna policy provision clearly implies the self-insurance exclusion was valid. In *Kyrkos v. State Farm Mut. Auto. Ins. Co.*, 121 Wn.2d 669, 852 P.2d 1078 (1993), decided after this court's opinion in *Miller* I,[1] the Supreme Court held an exclusion to UIM coverage for self-insurers was void.

The law of the case doctrine has been restricted in Washington. When a case is again appealed after being remanded by this court, this court may apply the law in effect at the time of the second appeal in reaching its decision. RAP 2.5(c)(2). Mrs. Miller has requested the court do so.

 In *Kyrkos*, the Supreme Court set out a two-part test for determining the validity of exclusions to UIM coverage:

> (1) does the proposed exclusion conflict with the express language of the UIM statute?; and if not, (2) is the exclusion contrary to the UIM statute's declared public policy? An exclusion will be sustained only where both inquiries can be answered in the negative.

*Kyrkos*, 121 Wn.2d at 674. The exclusion in *Kyrkos* excluded from the definition of an underinsured motor vehicle a vehicle "owned or operated by a self-insurer, up to the extent that *bodily injury* limits of liability established by the financial responsibility law or any similar law are payable under a certificate of self-insurance." *Kyrkos*, 121 Wn.2d at 672. The court found the exclusion failed the first part of the test because it sought to narrow the definition of underinsured motorist beyond that given in RCW

---

[1]The opinion in *Miller* I was issued June 1, 1993, and the Supreme Court issued *Kyrkos* on June 10. An amended opinion was issued in *Miller* I on June 24, but it did not address the *Kyrkos* decision.

48.22.030, the UIM statute. RCW 48.22.030(1) defines an underinsured motor vehicle as a vehicle to which "no bodily injury or property damage liability bond or insurance policy applies at the time of an accident . . . ." The court concluded a certificate of self-insurance could not be considered a "policy" for the purposes of the UIM statute and held the exclusion void.

■ The exclusion at issue here excludes from the definition of underinsured motor vehicle any vehicle "[o]wned or operated by a self-insurer under any applicable motor vehicle law to the extent that damages are payable under a certificate of self-insurance." Although Aetna argues the clause differs from the one in *Kyrkos* in that it refers to motor vehicle laws rather than financial responsibility laws, the clause is clearly an attempt to narrow the statutory definition of uninsured motorist. Thus, as did the clause in *Kyrkos*, it fails the first part of the *Kyrkos* test. The clause is void and unenforceable.

■ In its reply brief, Aetna argues the one million dollar irrevocable standby letter of credit in favor of Distribution was, in effect, an insurance policy. This argument, however, was not raised in Aetna's opening brief. We do note Aetna did mention the letter of credit in its opening brief, but it was in the context of showing Distribution was self-insured, not that it constituted an insurance policy. However, RCW 48.22.030 specifically requires a "liability bond or insurance policy." It does not include a certificate of self-insurance or a letter of credit. *Kyrkos* specifically requires a "liability bond or insurance policy."[2] It does not include a certificate of self-insurance or a letter of credit. *Kyrkos*, 121 Wn.2d at 675, specifically noted that fact. Until changed by the Legislature, we believe Distribution was required to have a bond or an insurance policy. It had neither; it is considered uninsured.

---

[2]While the result in *Kyrkos* has been criticized, *see* William R. Hickman, *And Now a Few Words from the Supreme Court*, 19 WASH. INS. L. LETTER 42 (Indian Summer 1995) (editorial comment), we are bound by the decision of our Supreme Court.

■ Aetna next contends the trial court erred in awarding Mrs. Miller attorney fees. The trial court relied on *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53, 811 P.2d 673 (1991) as authority for the award of attorney fees. In *Olympic S.S.*, 117 Wn.2d at 53, the Supreme Court held "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." Here, Mrs. Miller was compelled to assume the burden of legal action to obtain the full benefits of her insurance policy. The trial court did not err in awarding Mrs. Miller attorney fees.

Mrs. Miller has requested attorney fees on appeal, again in reliance on *Olympic Steamship*. The rule of *Olympic Steamship* applies to appeals as well. *Olympic S.S.*, 117 Wn.2d at 53. Mrs. Miller should be awarded attorney fees for the appeal.

The summary judgment in favor of Mrs. Miller is affirmed and she is awarded her attorney fees on appeal.

THOMPSON, C.J., and SCHULTHEIS, J., concur.