[No. 38171-7-I.   Division One.   April 14, 1997.]

BETTY LOU CANN, *Appellant*, v. KING COUNTY, *Respondent*.

*Philip Mahoney* and *Law Office of Philip Mahoney*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Therese A. McGuire, Deputy*, for respondent.

COLEMAN, J. — The Washington state underinsured motorist statute mandates underinsured motorist coverage on all motor vehicle liability policies. RCW 48.22.030(2). Betty Lou Cann argues that as a self-insurer, King County has a liability policy and therefore must provide underinsured motorist coverage for its passengers. The Washington State Supreme Court has held that self-insurance is not a liability policy under the UIM statute. *See Kyrkos v. State Farm Mut. Auto. Ins. Co.*, 121 Wn.2d 669, 674, 852 P.2d 1078 (1993); RCW 48.22.030(1). Consequently, we hold that the County, as a self-insurer, has no liability policy and, thus, no duty to provide UIM coverage. We affirm.

Cann was a passenger on a King County bus when it was struck by a hit-and-run driver. King County is self-insured and does not carry UIM coverage. Cann sued King County, arguing that it had a duty to provide her with UIM protection. King County brought a motion for summary judgment, which was granted.

The sole issue on appeal is whether a self-insured carrier is obligated to provide UIM coverage under

Washington's UIM statute, RCW 48.22.030. Cann argues that because a self-insurer, in effect, has a liability policy, the self-insurer is required to provide UIM coverage. Statutory interpretation is a question of law reviewed de novo. *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996).

RCW 48.22.030(2) states that "[n]o new policy or renewal of an existing policy insuring against loss resulting from liability" shall be issued unless UIM coverage is provided. Thus, the question here is whether a self-insured has a liability policy such that it is subject to the statute's UIM coverage requirement.

■ This question was answered in *Kyrkos*, where the Supreme Court held that a self-insurance plan was not an insurance or liability policy under the UIM statute. The court reasoned that self-insurance did not involve the type of third party relationship that insurance policies contemplate. *Kyrkos*, 121 Wn.2d at 674-75; *see also Miller v. Aetna Life & Cas. Co.*, 80 Wn. App. 55, 58-59, 906 P.2d 372 (1995).

■ Consequently, we hold that self-insurers are not subject to the UIM statute's requirement that liability policy holders provide UIM coverage because self-insurance is not liability insurance. *See* RCW 48.22.030(2).

Cann argues that we need not follow *Kyrkos* because two Washington cases conflict with it, holding that self-insurance plans are in fact liability policies. These cases, however, involved disputes between car rental companies and customers. While the rental companies were self-insured, the courts held that the rental agreements were stand-alone policies of motor vehicle insurance because the self-insurers issued a liability policy to the customers, not because the companies were self-insured. *Corley v. Hertz Corp.*, 76 Wn. App. 687, 690, 887 P.2d 401 (1994), *review denied*, 128 Wn.2d 1007 (1996); *Van Vonno v. Hertz Corp.*, 120 Wn.2d 416, 425, 841 P.2d 1244 (1992) (interpreting similar Oregon UIM statute). These cases are therefore inapplicable.

Affirmed.

KENNEDY, A.C.J., and WEBSTER, J., concur.

Review denied at 133 Wn.2d 1007 (1997).