[No. 43812-3-I.    Division One.    February 22, 2000.]

DONNA RODRIGUEZ, *Individually and as Guardian ad Litem*, ET AL., *Appellants*, v. ROBERT PEREZ, ET AL., *Respondents*.

*Robert Craig Van Siclen* and *John Stocks* of *Van Siclen & Stocks*; and *James Morton Beecher* of *Hackett, Beecher & Hart*, for appellants.

*Patrick G. McMahon*, for respondents City of Wenatchee, Perez, and Badgley.

*Stanley Allen Bastian* of *Jeffers, Danielson, Sonn & Aylward, P.S.*, for respondents Douglas County, Larouche, Wagg, and Helvey.

COLEMAN, J. — This case arises out of the investigation of an alleged "sex ring" operating in Wenatchee, Washington. The appellants, comprised of parents and their children who were allegedly involved in the sex ring, brought suit against numerous governmental entities and the individual investigators responsible for investigating the alleged abuse. Their claims of negligent investigation and negligent supervision against the law enforcement agencies and their officers were dismissed under CR 12(b)(6), and they appeal. We reverse the dismissal of the negligent investigation claim. By imposing a duty of investigation on the part of law enforcement agencies, RCW 26.44 allows members of the protected class to bring an action for negligent investigation.

## FACTS

According to the appellants' allegations,[1] law enforcement officers, in the scope of their employment and working in concert with state caseworkers, negligently conducted interviews when investigating allegations of a possible sex ring involving children. The City of Wenatchee, Douglas and Chelan counties, and the Department of Social and Health Services (DSHS) allegedly sanctioned their interviewing techniques.

The appellants allege that Detective Robert Perez conducted the interviews using tactics such as threatening the interviewees with prison terms, criminal charges, and permanent family separation. Children were interviewed in the presence of other children. Perez yelled at a child and called her a liar until she fabricated stories of abuse in an attempt to appease him. Kimberly Allbee, Donna Rodriguez's daughter, was interviewed at her school for five hours, and Perez threatened that her mother would be arrested unless Allbee disclosed sexual abuse. She eventually disclosed incriminating information. Perez also withheld exculpatory evidence

---

[1]Because this is a CR 12(b)(6) motion, we summarize the allegations as if they had been established.

from law enforcement officials, investigators, prosecutors, and defense counsel. The appellants further allege that two of the primary child witnesses were foster children living with Perez and that he coerced them into making disclosures with gifts or by physical abuse.

The Robersons, Honnah Sims, and Donna Rodriguez were arrested on charges of child sexual abuse, and their children were removed from their homes. Later, all were acquitted or the charges against them were dropped. They and their children then filed suit against the individual investigators, the City of Wenatchee, Chelan and Douglas counties, and DSHS alleging negligent investigation, negligent supervision, false arrest, false imprisonment, outrage, malicious prosecution, and tortious interference with the parent-child relationship.

Before trial, the trial court dismissed the plaintiffs' claims of negligent investigation and negligent supervision and/or training, as they pertained to the law enforcement officers and agencies. The case went to trial on the remaining theories, and the jury returned a verdict for the defendants. The appellants now appeal the dismissal of their negligent investigation and supervision claims.

## DISCUSSION

■■ A dismissal based on failure to state a claim upon which relief can be granted is reviewed de novo. *Hoffer v. State*, 110 Wn.2d 415, 421, 755 P.2d 781 (1988). Motions under CR 12(b)(6) should be granted " 'only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.' " *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998) (quoting *Hoffer*, 110 Wn.2d at 420), *cert. denied*, 525 U.S. 1171 (1999). If a plaintiff can prove any set of facts consistent with the complaint that would entitle him or her to relief, including hypothetical facts not in the formal record, then the claim should not be dismissed. *Hoffer*, 110 Wn.2d at 421. For purposes of analysis under CR 12(b)(6), the facts alleged in the complaint are presumed to be true. *Tenore*, 136 Wn.2d at 330.

The respondents argue that Washington does not recognize a cause of action for negligent criminal investigation. They further claim that causes of action for negligent investigation and negligent supervision are encompassed by the claims already presented to and decided by the jury. The elements of negligence differ from the elements of the claims previously tried, and failure to prove those claims does not preclude proving negligence. Because of the different standard of conduct in a negligence claim, we will undertake an analysis of the cognizability of the claims of negligent investigation and supervision against the law enforcement officers and their employers.

## Negligent Investigation

Whether an investigation of child abuse can support a cause of action in negligence against the investigating law enforcement agency is an issue which has not been directly addressed in Washington. The resolution of that question is guided, however, by principles already well established in this state.

In all negligence actions the plaintiff must prove the defendant owed the plaintiff a duty of care. Thus, in general, a claim for negligent investigation does not exist under the common law because there is no duty owed to a particular class of persons. In the area of law enforcement investigation, the duty owed is typically owed to the public. For example, the duty of police officers to investigate crimes is a duty owed to the public at large and is therefore not a proper basis for an individual's negligence claim. *Chambers-Castanes v. King County*, 100 Wn.2d 275, 284, 669 P.2d 451, 39 A.L.R.4TH 671 (1983) (holding that the duty to arrest and keep the peace are a duty owed to the public at large and unenforceable as to individuals).

The Legislature, however, has created a limited exception in the area of child abuse investigations by imposing a duty to investigate for the protection of a specified class. *See Babcock v. State*, 116 Wn.2d 596, 809 P.2d 143 (1991);

*Corbally v. Kennewick Sch. Dist.*, 94 Wn. App. 736, 740, 973 P.2d 1074 (1999); *Lesley v. Department of Soc. & Health Servs.*, 83 Wn. App. 263, 921 P.2d 1066 (1996). RCW 26.44.050 requires a law enforcement agency or DSHS to investigate possible occurrences of child abuse or neglect. That duty derives from the paramount importance that is placed on the welfare of the child.

Protecting the welfare of the child includes avoiding unnecessary disruption of the parent-child relationship. The Legislature has emphasized the importance of protecting the relationship between parent and child and interfering with that relationship only when the child's health and safety are endangered.

> The bond between a child and his or her parent . . . is of paramount importance, and any intervention into the life of a child is also an intervention into the life of the parent[.]

RCW 26.44.010.

> The legislature reaffirms that all citizens, including parents, shall be afforded due process, that protection of children remains the priority of the legislature, and that this protection includes protecting the family unit from unnecessary disruption.

RCW 26.44.100.

When a duty is owed to a specific individual or class of individuals, that person or persons may bring an action in negligence for breach of that duty. *See Hartley v. State*, 103 Wn.2d 768, 781-82, 698 P.2d 77 (1985); *Chambers-Castanes*, 100 Wn.2d at 284-85. "It is well established that a statute which creates a governmental duty to protect particular individuals can be the basis for a negligence action where the statute is violated and the injured party was one of the persons designed to be protected." *Yonker v. Department of Soc. & Health Servs.*, 85 Wn. App. 71, 78, 930 P.2d 958 (1997) (quoting *Donaldson v. City of Seattle*, 65 Wn. App. 661, 666-67, 831 P.2d 1098 (1992)). *See also Lesley*, 83 Wn. App at 273.

■ By specifically including parents, custodians, and guardians of children "within the class of persons who are foreseeably harmed by a negligent investigation into allegations of child abuse[,]" the Legislature has recognized a duty to the parent as well as the child in conducting child abuse investigations. *Tyner v. Department of Soc. & Health Servs.*, 92 Wn. App. 504, 512, 963 P.2d 215 (1998), *review granted*, 137 Wn.2d 1020 (1999). Thus, both the children who are suspected of being abused and their parents comprise a protected class under RCW 26.44 and may bring action for negligent investigation under that statute.

The respondents contend that unlike DSHS, which is held to a negligence standard in investigating child abuse, law enforcement agencies are not subject to negligence actions because they do not owe individual plaintiffs a duty of care. The respondents' assertion is premised upon criminal cases involving investigations of crimes other than alleged child abuse. *Fondren v. Klickitat County*, 79 Wn. App. 850, 853, 863, 905 P.2d 928 (1995) (no cause of action for negligent murder investigation); *Dever v. Fowler*, 63 Wn. App. 35, 38, 45, 816 P.2d 1237, 824 P.2d 1237 (1991) (holding no cause of action for negligent investigation of arson and manslaughter).

But as we have already discussed, the typical criminal investigation is premised on a duty that is owed to the public at large. The question before us concerns a duty that is owed to a specific class of individuals. Thus, we cannot rely upon other investigation contexts, which demonstrate the general rule, to provide the answer to the question raised here.

The rationale in permitting negligent investigation claims against DSHS is based on DSHS's statutory duty to investigate child abuse and the protected status of the parents and children bringing the claims. Those considerations apply equally to claims against law enforcement officers when those officers are conducting investigations pursuant to the statutory directives set forth in RCW 26.44. RCW 26.44.050 requires the appropriate law enforcement

agency or DSHS to investigate a report of alleged child abuse. It is clear that the inclusion of law enforcement was intentional.[2]

That this case involves a criminal investigation rather than an investigation conducted solely by DSHS does not affect our analysis. If both entities have received reports and responded by initiating an investigation, RCW 26.44-.035(1) requires the agencies to "coordinate the investigation and keep each other apprised of progress." It makes little sense to conclude that one agency owes a duty of care and the other does not when both are conducting investigations required by the statute. Moreover, the appellants allege that Detective Perez and Child Protective Services' investigator Katie Carrow, working as a team, conducted the investigations. If, as appellants allege, they conducted interviews together and their interviewing techniques constituted negligence, then it would be incongruous to hold each co-investigator to a different standard of conduct.

The respondents contend that any investigative duty owed by law enforcement under the statute is limited to responding to a possible occurrence of abuse and transmitting a report to protective services in accordance with RCW 74.13. That duty, they conclude, does not include conducting a generalized investigation. They rely on *Donaldson*, 65 Wn. App. 661, for their position that the duty of law enforcement agencies is not construed beyond the confines of the governing statute.

*Donaldson* addressed whether police were negligent in not following up with investigation after a victim reported a domestic violence assault but the perpetrator was not on the premises when the police arrived. The police left, and the perpetrator murdered the victim the following day. The administratrix of the victim's estate brought suit, and the

---

[2]Our conclusion is strengthened in that the original statute imposed the duty to investigate only upon law enforcement agencies. In 1969, the Legislature added "department of public assistance," which was later rewritten to read "department of social and health services." RCWA 26.44.050. Thus, it is clear that DSHS's duties under the statute are to apply equally to law enforcement agencies.

City claimed it was immune from liability. At issue was the scope of the agency's duty under the Domestic Violence Prevention Act (DVPA), which requires an officer responding to a domestic violence call to arrest the alleged perpetrator if the officer has probable cause to believe that a felonious assault has occurred within the previous four hours.

> When a peace officer responds to a domestic violence call and has probable cause to believe that a crime has been committed, the peace officer shall exercise arrest powers with reference to the criteria in RCW 10.31.100.

RCW 10.99.030(6)(a).

> (2) A police officer shall arrest and take into custody, pending release on bail, personal recognizance, or court order, a person without a warrant when the officer has probable cause to believe that:
>
> . . . .
>
> (c) The person is sixteen years or older and within the preceding four hours has assaulted a family or household member as defined in RCW 10.99.020[.]

RCW 10.31.100(2)(c). The *Donaldson* court recognized that the statute imposed a mandatory duty to arrest under certain circumstances, when the perpetrator is on the premises. But based upon the statutory language, the court held that the statute did not impose a duty to conduct follow-up investigation or to arrest after the four-hour period. *Donaldson*, 65 Wn. App. at 671, 673. Because the perpetrator had left the premises, the court concluded that no duty had been breached.

Nevertheless, the *Donaldson* court recognized that a breach of a statutory duty is actionable, basing its reasoning upon the same principles that govern this case.

> In all negligence actions the plaintiff must prove the defendant owed the plaintiff a duty of care. "Whether the defendant is a governmental entity or a private person, to be actionable, the duty must be one owed to the injured plaintiff, and not

one owed to the public in general." *Taylor v. Stevens Cy.*, 111 Wn.2d 159, 163, 759 P.2d 447 (1988). When the defendant is a public official this negligence principle is called the "public duty doctrine". Generally, no liability will attach for a public official's negligent conduct unless the plaintiff can show that the duty was owed to her rather than to the general public.

It is well established that a statute which creates a governmental duty to protect particular individuals can be the basis for a negligence action where the statute is violated and the injured party was one of the persons designed to be protected. If the legislation evidences a clear intent to identify a particular and circumscribed class of persons, such persons may bring an action in tort for violation of the statute.

. . . .

This statute [DVPA] does not create new laws prohibiting domestic violence, but requires the police and other law enforcement bodies to better enforce the current laws in order to protect the victims of domestic violence. The law identifies the particular class of individuals to be protected and defines the specific duties of the police in this regard. The City's claim that the public duty doctrine bars any liability is accordingly rejected.

*Donaldson*, 65 Wn. App. at 666-67 (footnotes omitted).

Under the statute at issue in *Donaldson*, when the law enforcement officers arrived and determined that the perpetrator had left, their specific statutory duties were completed. RCW 26.44.050, however, does not similarly limit the officer's required response to certain specified acts or time periods, but provides a general mandatory duty to investigate.

Upon the receipt of a report concerning the possible occurrence of abuse or neglect, *it shall be the duty of the law enforcement agency or the department of social and health services to investigate* and provide the protective services section with a report in accordance with the provision of chapter 74.13 RCW, and where necessary to refer such report to the court.

Former RCW 26.44.050 (1987) (emphasis added). That

statutory language is broad. Moreover, the duties of a law enforcement agency involve more than merely forwarding to protective services a response to a report of abuse, as respondents contend.[3] Because no limitation is placed on the duty to investigate and there is a particular class of persons to whom the duty is owed, breach of that duty gives rise to a cause of action in negligence.

The respondents additionally argue that police investigation of child abuse allegations should be governed solely by the standard of probable cause. They base their argument upon the second paragraph in RCW 26.44.050 that allows a law enforcement officer to take a child into custody without a court order if "there is probable cause to believe that the child is abused or neglected[.]". That provision specifies, however, only what is required in order to take a child into custody and does not address the general investigative responsibility.

Applying only a standard of probable cause does not fulfill the legislative purpose of protecting children and their parents from unnecessary disruption in their relation to one another. An investigation can be conducted negligently and yield false information which may then be used to support a finding of probable cause. By ensuring that the investigation is conducted in a nonnegligent manner, the balance between the protection of the child and the parent-child relationship is maintained. Moreover, permitting negligence actions against law enforcement officials does not leave them without statutory and common law qualified immunity.

Finally, the respondents assert that allowing a negligent investigation claim against law enforcement agencies would lead to the "absurd" result that prosecutors would also be

---

[3]The agency receiving the report must investigate and notify DSHS of all reports received and its disposition of them. RCW 26.44.030(5). Additionally, a law enforcement agency must report the results of an investigation to the prosecutor if the investigation reveals that a crime may have been committed (RCW 26.44.030(5)), may interview children (RCW 26.44.030(10)), and must take the child into custody if there is reason to believe a child's welfare is in danger (RCW 26.44.056(2)).

liable for negligent investigation contrary to their prosecutorial immunity because they are included in the definition of "law enforcement agency."

This contention, however, is not supported by RCW 26.44. When the chapter is read as a whole, it differentiates between the traditional functions of a law enforcement agency and those of a prosecutor. For example, RCW 26.44.030(5) requires a law enforcement agency that receives a report of child abuse to "report such incident . . . to the proper county prosecutor or city attorney for appropriate action" when investigation reveals that a crime may have been committed. That clearly refers to a prosecutorial function.

In short, whether the prosecuting attorney is entitled to immunity for acts taken pursuant to RCW 26.44 is resolved by traditional immunity analysis. Under this analysis, only when a prosecutor engages in functions outside the scope of prosecutorial duties do his or her actions result in exposure to the same liability as other persons performing those same functions:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other."

*Gilliam v. Department of Soc. & Health Servs.*, 89 Wn. App. 569, 583, 950 P.2d 20 (1998) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Thus, neither RCW 26.44 nor our holding restricts prosecutorial immunity.

Holding law enforcement agencies to a standard of negligence in child abuse investigations should not have the effect of chilling those investigations. Rather, such a

standard will encourage careful, thorough investigations, which support the public policy of protecting children from child abuse while at the same time preventing unwarranted interference in the parent-child relationship.

## Negligent Supervision-Training

The appellants also allege that the police officers were negligently supervised and trained. Negligent supervision creates a limited duty to control an employee for the protection of a third person, even when the employee is acting outside the scope of employment. *Niece v. Elmview Group Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997). If an employee conducts negligent acts outside the scope of employment, the employer may be liable for negligent supervision. *Niece*, 131 Wn.2d at 51; *Gilliam*, 89 Wn. App. at 584-85.

Although the issue of whether conduct was inside or outside the scope of employment is typically a jury question, here the respondents have not alleged that any conduct occurred outside the scope of employment. On the contrary, their argument rests on the theory that their employees acted according to their assigned duties. The appellants rely upon the same evidence to prove negligent supervision as they do to prove negligent investigation. But because the individual employees as well as their employers had a statutory duty to investigate properly, any negligence on the part of the individual officers is attributable to their employers. Consequently, if the police officers are found to be negligent in their investigation, then their employers may be held vicariously liable. If the appellants fail to prove negligence, then the employers cannot be held liable even if their supervision was negligent. Based upon the facts presented here, no additional cause of action for negligent supervision is necessary. *See Gilliam*, 89 Wn. App. at 584-85.

## CONCLUSION

In conclusion, we hold that a negligent investigation

claim against the respondents is cognizable under RCW 26.44. Accordingly, the trial court's dismissal is reversed and the claim of negligent investigation is remanded for further proceedings.

BECKER and APPELWICK, JJ., concur.

Review denied at 141 Wn.2d 1020 (2000).