83 P.3d 1026 (2004)
119 Wash.App. 928
Robert ROBERSON and Connie Roberson, husband and wife, Robert Roberson as Guardian ad Litem for his minor child, Rebekah Roberson, Donna Rodriguez, a single person, Donna Rodriguez as Guardian ad Litem for her minor child, Kimberly Allbee, Plaintiffs,
Jonathan Sims and Honnah Sims, husband and wife, and Jonathan Sims as Guardian ad Litem for his minor child, Daniel Sims, Respondents,
v.
Robert PEREZ, Timothy Abbey, Laurie Alexander, Connie Saracino, Dean Reiman, Kate Carrow, Kenneth Badgley, City of Wenatchee, a municipality in the State of Washington, State of Washington by and through its political subdivision Department of Social and Health Services, Cindy Andrews, Robin Wagg, Dave Helvey and Dan Laroche, Defendants,
Douglas County, a corporate body within the State of Washington, Appellant.
No. 20583-5-III.
Court of Appeals of Washington, Division 3, Panel Nine.
January 29, 2004.
*1027 Catherine W. Smith, Howard M. Goodfriend, Edwards, Sieh, Smith & Goodfriend PS, Seattle, WA, Stanley A. Bastian, Jeffers, Danielson, Sonn & Aylward PS, Wenatchee, WA, for Appellant.
Leslie J. Olson, James M. Beecher, Olson & Olson PLLC, Seattle, WA, Robert C. Van Siclen, John Stocks, Van Siclen, Stocks & Firkins, Auburn, WA, for Respondents.
KURTZ, J.
Following an earlier appeal which remanded this action for trial, a jury awarded Jonathan and Honnah Sims $3 million in damages against Douglas County. The jury found that the county had negligently investigated child sexual abuse allegations made against the Simses. The county now contends for the first time that the Simses do not have a cause of action under chapter 26.44 RCW because their child was not the subject of a harmful placement decision resulting from a negligent criminal investigation. See M.W. v. Dep't of Soc. & Health Servs., 149 Wash.2d 589, 70 P.3d 954 (2003). The Simses counter that Division One, in the parties' first appeal, decided that they had a cause of action for negligent investigation under chapter 26.44 RCW. See Rodriguez v. Perez, 99 Wash.App. 439, 994 P.2d 874, review denied, 141 Wash.2d 1020, 10 P.3d 1073 (2000). The Simses' position is that the Division One decision is the law of the case, and this court should not revisit the issue. See RAP 2.5(c). We conclude that the law of the case doctrine does not preclude review and that chapter 26.44 RCW does not accommodate a parent's cause of action against the State where the State's actions did not result in an adverse child placement decision.

FACTS
The plaintiffs in this case include Honnah Sims and other members of a Wenatchee church. They were accused of sexual abuse offenses against children who also attended that same church. But, the alleged victims did not include Ms. Sims's own child. In *1028 fact, when Ms. Sims learned that she was the subject of a sexual abuse investigation, she sent her child to live with relatives in another state. After a jury trial, Ms. Sims was acquitted of the charges.
Subsequently, the Simses and other parents sued Douglas County and the City of Wenatchee on several theories, one of which was that the county was liable to them under chapter 26.44 RCW for negligently investigating the allegations against them. The superior court dismissed this claim under CR 12(b)(6). Division One of the Court of Appeals reversed the summary judgment, holding "that a negligent investigation claim against the respondents is cognizable under RCW 26.44." Rodriguez, 99 Wash.App. at 451-52, 994 P.2d 874. The Court of Appeals remanded the claim for trial. At trial, the Simses were awarded damages against Douglas County.
The county now appeals.

ANALYSIS
Originally, the superior court granted Douglas County's CR 12(b)(6) motion to dismiss the Simses' and other parents' claims for damages for negligent investigation against the county. Division One of the Court of Appeals reversed that decision and remanded for trial. Rodriguez, 99 Wash. App. 439, 994 P.2d 874. This appeal is from the subsequent trial and jury verdict in favor of the Simses.
Law of the Case. The law of the case doctrine is established both in our case law and court rules. The doctrine provides where there has been a determination of applicable law in a prior appeal, the law of the case doctrine ordinarily precludes an appeal of the same legal issue. It also provides that questions determined on appeal, or which might have been determined had they been presented, will not be considered in a subsequent appeal if there is no substantial change in the evidence at the remanded trial. State v. Worl, 129 Wash.2d 416, 425, 918 P.2d 905 (1996) (quoting Folsom v. County of Spokane, 111 Wash.2d 256, 263-64, 759 P.2d 1196 (1988)).
This doctrine has been incorporated in RAP 2.5(c), which provides that
if the same case is again before the appellate court following a remand:
. . . .
(2) ... [t]he appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.
In Sintra, Inc. v. City of Seattle, 131 Wash.2d 640, 652, 935 P.2d 555 (1997), the court stated, "[w]e have interpreted this rule to allow review of a previous decision when the decision is erroneous and when justice would best be served by review." See also First Small Bus. Inv. Co. v. Intercapital Corp., 108 Wash.2d 324, 333, 738 P.2d 263 (1987).
The Prior Appeal. In the first appeal, the county asked the appellate court to affirm the decision of the trial court that Washington does not recognize a cause of action for negligent criminal investigation of a child abuse allegation. Rodriguez, 99 Wash.App. at 443, 994 P.2d 874. Rejecting this contention, the court held that "both the children who are suspected of being abused and their parents" constitute a "protected class" who may be harmed by a negligent investigation of a child abuse allegation. Id. at 445, 994 P.2d 874. Consequently, they have a claim for negligent investigation against law enforcement, as well as against the Department of Social and Health Services. But, the holding is limited by its facts to children suspected of being abused and their parents. No one has accused Ms. Sims of sexually abusing her child. Even so, the Simses argue that the holding of the case is that they have a cause of action under chapter 26.44 RCW.
In the first appeal, the precise question before the court was whether Washington recognized a cause of action for negligent criminal investigation of a child abuse allegation. The court held that a parent or child could bring a negligent investigation action against law enforcement. Rodriguez, 99 *1029 Wash.App. at 441, 994 P.2d 874. The appellate court was not asked to decide, and did not decide, whether such a cause of action applied to a parent whose child was not the subject of abuse allegations. If a question was not considered in the first appeal and the appellant is not precluded from raising the question on remand, the question does not fall within the law of the case doctrine. Columbia Steel Co. v. State, 34 Wash.2d 700, 706, 209 P.2d 482 (1949).
For example, in Holst v. Fireside Realty, Inc., 89 Wash.App. 245, 258, 948 P.2d 858 (1997), Ms. Holst argued that the law of the case doctrine prevented Fireside from denying its agency status because that issue had been determined in a prior appeal. Rejecting Ms. Holst's argument, the court stated "we did not determine, in the first appeal, whether Fireside was acting as Rader's agent; rather, we held only that if Fireside was acting as Rader's agent, Fireside did not adequately disclose that fact." Id. Similarly, the prior appellate court here did not determine in the first appeal whether the Simses had a cause of action, where their child was not the subject of abuse allegations. Rather, the court only held a cause of action existed under chapter 26.44 RCW in cases arising out of a negligent criminal investigation.
Waiver. The Simses emphasize the county is raising the issue of the their right to make a claim under chapter 26.44 RCW for the first time on appeal and argue that the issue should have been raised before the superior court on remand. Their position is that the county cannot raise it for the first time in this appeal. We disagree. "Facts establishing standing are as essential to a successful claim for relief as is the jurisdiction of a court to grant it. Thus, we hold that the insufficiency of a factual basis to support standing may also be raised for the first time on appeal in accordance with RAP 2.5(a)(2)." Mitchell v. Doe, 41 Wash.App. 846, 848, 706 P.2d 1100 (1985); see also Gross v. City of Lynnwood, 90 Wash.2d 395, 400, 583 P.2d 1197 (1978).
In M.W. v. Department of Social and Health Services.[1] During the pendency of this appeal, our Supreme Court significantly limited the potential scope of claims under chapter 26.44 RCW. When a case is appealed after being remanded by the appellate court, the court may apply the law in effect at the time of the second appeal in reaching its decision. RAP 2.5(c)(2); Miller v. Aetna Life & Cas. Co., 80 Wash.App. 55, 58, 906 P.2d 372 (1995).
In M.W. v. Department of Social and Health Services, the Supreme Court held that a child, who suffered post-traumatic stress disorder due to Department of Social and Health Services' officers physically examining her in the course of investigating alleged child abuse, did not have a cause of action under the statute. In doing so, it reversed the Court of Appeals. The court stated that "[a]lthough the statute supports a claim for negligent investigation in limited situations, such a claim is available only when [the Department of Social and Health Services] conducts a biased or faulty investigation that leads to a harmful placement decision, such as placing the child in an abusive home, removing the child from a nonabusive home, or failing to remove a child from an abusive home." M.W., 149 Wash.2d at 591, 70 P.3d 954 (emphasis added). The decision is not directly on point. But it does establish the notion that the plaintiff's own child must be the subject of a harmful placement decision for the cause of action to lie. Ms. Sims's child was not the subject of a placement decision. Ms. Sims herself sent the child to live out of state with relatives.
Holding. We conclude that the Simses do not have a cause of action under chapter 26.44 RCW because their child was not the subject of a negligent criminal investigation that led to a harmful placement decision. We further hold that the county could raise this issuethe sufficiency of a factual basis to support standing under chapter 26.44 RCWfor the first time on appeal in accordance with RAP 2.5(a)(2). Since oral argument, the parties have filed a number of motions. All of these motions are denied.
Reversed and dismissed.
I CONCUR: SWEENEY, J.
*1030 KATO, A.C.J. (dissenting).
I believe that we should apply the decision of Division One in the parties' first appeal as the law of the case. I therefore would affirm the jury verdict in the Simses' favor.
It is helpful to begin with a general overview of the law of the case doctrine. It generally prohibits reconsideration of issues already decided in a prior appeal in the same case, if there have been no intervening, material changes in the facts. 5 AM.JUR.2D Appellate Review § 605 (1995). The doctrine is not an "inexorable command" or a constitutional requirement; rather, it is a discretionary policy that reflects the courts' practice of not reopening matters already decided. Id. "This rule of practice promotes the finality and efficiency of the judicial process." Id.
In Washington, our Supreme Court has addressed the application of the law of the case doctrine by adopting RAP 2.5(c)(2). That rule provides that
if the same case is again before the appellate court following a remand:
. . . .
(2) ... [t]he appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.
The Washington Supreme Court has observed that
[d]espite the apparent permissiveness of the language of the rule, this court and the courts of appeals in the years since the adoption of RAP 2.5(c) have adhered to the standards set forth in [its earlier opinions], requiring that an appellate court may reconsider only those decisions that were clearly erroneous and that would work a manifest injustice to one party if the clearly erroneous decision were not set aside.
State v. Worl, 129 Wash.2d 416, 425, 918 P.2d 905 (1996); see also Sintra, Inc. v. City of Seattle, 131 Wash.2d 640, 652, 935 P.2d 555 (1997) ("We have interpreted this rule to allow review of a previous decision when the decision is erroneous and when justice would best be served by review."); and First Small Business Inv. Co. v. Intercapital Corp., 108 Wash.2d 324, 333, 738 P.2d 263 (1987).
At issue here is whether we should reconsider the 2000 decision of Division One of the Court of Appeals in this case. See Rodriguez v. Perez, 99 Wash.App. 439, 994 P.2d 874, review denied, 141 Wash.2d 1020, 10 P.3d 1073 (2000). In Rodriguez, the court reversed a summary judgment that had dismissed the Simses' and other plaintiffs' claims against Douglas County and the City of Wenatchee. The court held that under chapter 26.44 RCW, the plaintiffs, including the Simses, had an implied claim for relief against the defendants for damages for negligent investigation of child abuse allegations. Id. at 445, 994 P.2d 874. The Court of Appeals therefore remanded the case for trial. At trial, a jury awarded the Simses $3 million in damages against Douglas County.
The majority now holds that the law of the case doctrine does not apply because, in its view, the first appeal did not decide the precise issue presented in this second appeal. Specifically, the majority characterizes the first appeal as deciding only whether Washington recognizes a claim for negligent investigation of child abuse. It characterizes the issue in this second appeal as being whether such an action is available to a parent who is accused of abusing a child other than his own and whose own child is not removed from the family home as the result of the allegation against the parent.
In my view, the majority divorces the holding in the first appeal from the facts of the case before the court in the first appeal. Those facts were never disputed and have not changed. The Simses were not charged with sexually abusing their own son. And their child was not removed from their home by the State, although the Simses claim that the State would have removed him if they had not acted first and sent him out-of-state to live with his grandmother.
The case cited by the majority is distinguishable because it concerns a situation in which the court in the prior appeal conditioned its holding on the party establishing a certain fact on remand. In Holst v. Fireside Realty, Inc., 89 Wash.App. 245, 258, 948 P.2d 858 (1997), the court stated that the law of the case doctrine did not apply there because it did not determine in the first appeal that the defendant was acting as the purchaser's *1031 agent. Rather, the court held only that if the defendant was acting as the purchaser's agent, it did not adequately disclose that fact to the plaintiff. Id. Here, the facts were already established at the time of the first appeal and have not changed.
In Columbia Steel Co. v. State, 34 Wash.2d 700, 706, 209 P.2d 482 (1949), cert. denied, 339 U.S. 903, 70 S.Ct. 516, 94 L.Ed. 1332 (1950), also cited in the majority opinion here, the court considered in a second appeal the issue of whether the plaintiff was entitled to interest on an unauthorized tax it paid to the State. The first appeal had overturned a trial court's decision to sustain the State's demurrer to the plaintiff's complaint that the tax was not authorized by statute, and it did not address whether interest would be included in the award if the plaintiff prevailed. Here, the requisites for a negligent investigation claim are part and parcel of the decision as to whether such a claim is statutorily authorized.
The majority also relies upon RAP 2.5(a)(2) rather than RAP 2.5(c)(2). It is the latter subsection of the rule that addresses the question of when it is appropriate to apply the law of the case doctrine; RAP 2.5(a)(2) does not. It provides that a party may raise for the first time on appeal the opposing party's failure to establish facts upon which relief can be granted. The cases the majority cites in application of that rule do not involve situations in which the party's alleged failure to establish such facts are raised in a second appeal. See Mitchell v. Doe, 41 Wash.App. 846, 848, 706 P.2d 1100 (1985), and Gross v. City of Lynnwood, 90 Wash.2d 395, 400, 583 P.2d 1197 (1978).
This appeal being a second appeal, RAP 2.5(c)(2) therefore applies. Under RAP 2.5(c)(2), a court in a second appeal may reconsider those decisions that (1) were clearly erroneous, and (2) would work a manifest injustice to one party if the clearly erroneous decision were not set aside. Worl, 129 Wash.2d at 425, 918 P.2d 905. I do not believe that either factor is present here.
Specifically, Division One's decision in the first appeal was not clearly erroneous as applied to the Simses. In addition, because the county was dilatory in arguing that the claim for relief for negligent investigation is not available to the Simses, it would not be manifestly unjust to the county if the first decision is adhered to here. Indeed, if that decision is set aside, the Simses would suffer a manifest injustice.
(1) Clearly Erroneous.
Division One's decision in the first appeal that the Simses had a claim for negligent investigation is not clearly erroneous. The decision is not contrary to prior case law. Indeed, the issue is one of first impression. Even the subsequent decision by the Washington Supreme Court in M.W. v. Dep't of Soc. & Health Servs., 149 Wash.2d 589, 70 P.3d 954 (2003), is not directly on point. There, the court held that the Department of Social and Health Services' (DSHS) negligent investigation must result in a harmful placement decision for a claim to lie. The Simses' argumentthat the claim exists if the effect of a negligent investigation is to cause a parent to remove his or her child from the home so as to avoid the State placing the child in foster careis an extension of the holding in M.W. I do not think that the argument is frivolous. Reasonable minds may differ on the issue. Viewed in this context, Division One's decision cannot be characterized as clearly erroneous.
(2) Manifest Injustice.
Revisiting Division One's decision in the first appeal would not serve the interests of justice. See RAP 2.5(c)(2). The county did not rely upon the fact the Simses' child was not the alleged subject of abuse in either the first appeal or in the trial on remand. As a consequence, the Simses had no reason to develop a record as to whether their position was essentially the same as those of the other plaintiffs, i.e., they did not attempt to offer evidence as to whether DSHS would have removed their son from their home had they waited to send him to live with his grandmother. Instead, the county waited until after the trial and after the jury awarded the Simses $3 million in damages to argue for the first time in this second appeal that the Simses' situation does not fit within the statute.
In going forward with the trial, the Simses were justified in believing that the only unknown was whether a jury would *1032 conclude, based upon the evidence, that the county had conducted a negligent investigation. And, they had no cause to reasonably anticipate that the question of their standing to sue under the statute in the first place was anything but settled. It would be unfair to the Simses to allow the county to raise that issue now, given its failure to do so earlier. Certainly, in these circumstances, the county cannot now complain that enforcement of the earlier decision would work an injustice, when it completely failed to present in the first appeal, or even on remand, the arguments it now makes.
I therefore conclude that the law of the case doctrine should be applied here as a "rule of practice [that] promotes the finality and efficiency of the judicial process." 5 AM.JUR.2D Appellate Review § 605 (1995).
NOTES
[1] M.W. v. Dep't of Soc. & Health Servs., 149 Wash.2d 589, 70 P.3d 954 (2003).