

COURT OF APPEALS DIV
STATE OF WASHINGTON

2013 OCT 28 AM 8: 32

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KANNAN KRISHNAN, | ) | NO. 68877-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MATTHEW O'DONNELL, in his | ) | |
| official capacity as the Dean of the | ) | |
| University of Washington's College | ) | |
| of Engineering, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 28, 2013 |
| | ) | |

LEACH, C.J. — Professor Kannan Krishnan appeals a trial court order denying his petition for judicial review of a University of Washington hearing panel's decision denying his reappointment to an endowed chair position. Krishnan alleges that the hearing panel failed to comply with this court's prior opinion on remand when it held a fact-finding hearing. Because Krishnan fails to show that our earlier opinion prohibited the hearing panel from taking additional evidence on remand, we affirm.

## FACTS

In 2001, Krishnan accepted an appointment as a tenured and full professor of materials science and engineering at the University of Washington's

College of Engineering.[1]  At that time, he also accepted an appointment to the Campbell Endowed Chair for a five-year term with the possibility of renewal.

In 2006, a three-person committee reviewed Krishnan's reappointment. Among other documents, the committee considered four review letters from individuals within the university and six letters from external reviewers.  The committee issued a report stating that it did not support reappointment.

The endowed chair guidelines and expectations, which contained the relevant and permissible reappointment considerations, required the dean of the College of Engineering, Matthew O'Donnell, to base his renewal decision, in part, on the review committee's recommendation.  After receiving the committee's report, O'Donnell conducted his own independent review, which included review letters from four additional experts in Krishnan's field.  O'Donnell decided not to renew Krishnan's appointment as Campbell Chair "'[b]ased on the Review Committee's report and his own analysis of Krishnan's scholarly impact.'"[2]

After the vice provost for academic personnel found no basis to reverse O'Donnell's decision, Krishnan petitioned a faculty hearing panel to review O'Donnell's decision.  The faculty handbook required Krishnan to prove by a preponderance of the evidence that the decision to deny him reappointment was

---

[1] The facts recited here relating to the original appeal are derived from an unpublished opinion of this court, Krishnan v. O'Donnell, noted at 152 Wn. App. 1031, 2009 WL 3070533.

[2] Krishnan, 2009 WL 3070533, at *2.

based on factors other than relevant and permissible considerations. The hearing panel heard testimony from one of the review committee members, Professor Sampson Jenekhe.

The panel found that the letters from external reviewers did not support the review committee's "'generally negative opinion'" of Krishnan's research and scholarship and therefore the committee's evaluation of external reviews was flawed.[3] The panel determined that this flaw "'suggests that its recommendation was affected by irrelevant or impermissible factors.'"[4] It also concluded that "'the Review Committee ignored much relevant input in reaching its equivocal recommendation and failed to inquire further to clarify some inconsistent information.'"[5]

The hearing panel found that O'Donnell's decision "'would have also been affected by irrelevant or impermissible factors'" if he had accepted the review committee's recommendation "'without more.'"[6] "Because the hearing panel found that O'Donnell conducted an independent, impartial, and fair review of Krishnan's scholarship, which formed the basis for his non-renewal decision, it concluded that Krishnan did not prove that O'Donnell's decision was based on

---

[3] Krishnan, 2009 WL 3070533, at *3.
[4] Krishnan, 2009 WL 3070533, at *3.
[5] Krishnan, 2009 WL 3070533, at *3.
[6] Krishnan, 2009 WL 3070533, at *3.

-3-

factors other than relevant and permissible considerations."[7] But the hearing panel also concluded that "'[b]ased on the Review Committee's report and his own analysis of Krishnan's scholarly impact, O'Donnell decided not to renew Krishnan's appointment as Campbell Chair.'"[8] The university's president affirmed the hearing panel's decision.

The superior court dismissed Krishnan's petition to review the agency's action.[9] Krishnan appealed to this court, claiming that substantial evidence did not support the hearing panel's decision and that the decision was arbitrary and capricious. This court concluded,

> Our review of the hearing panel's decision is hindered by inconsistent fact-finding with respect to crucial issues. For example, the hearing panel found that "[b]ased on the Review Committee's report <u>and</u> his own analysis of Krishnan's scholarly impact, O'Donnell decided not to renew Krishnan's appointment as Campbell Chair." But the hearing panel also concluded that O'Donnell's decision was not affected by the flawed review committee report because it found that the results of O'Donnell's independent review formed the basis of his reappointment decision. Both findings cannot be true at the same time: either O'Donnell relied on both or he only based his decision on his own independent review. Here, the evidence in the record would have been sufficient to support either conclusion had the hearing panel made one, but we cannot conduct meaningful judicial review without knowing which conclusion to review.[10]

---

[7] Krishnan, 2009 WL 3070533, at *3.

[8] Krishnan, 2009 WL 3070533, at *3.

[9] The president's decision constituted an "agency action" under RCW 34.05.010(3).

[10] Krishnan, 2009 WL 3070533, at *4 (alteration in original) (footnote omitted).

-4-

In the last sentence of the opinion's introductory paragraph, this court stated, "Because we cannot determine from the record whether the hearing panel found that the review committee report was merely flawed or was actually affected by irrelevant or impermissible considerations, we remand this matter to the hearing panel to conduct a fact finding hearing."[11]

The university's president denied Krishnan's request to overturn Dean O'Donnell's decision without holding a fact-finding hearing before the hearing panel. At a prehearing conference, Krishnan moved to limit evidence in the hearing to the evidence before the hearing panel when it ruled on his petition for adjudication. In denying the motion, the hearing officer explained,

> [Krishnan] acknowledges that there is no direct evidence that the review committee considered impermissible or irrelevant factors, but asks the panel to infer from the misrepresentation of his record that the review committee considered such factors. . . . The panel respectfully rejects [Krishnan's] suggestion; it prefers to take testimony from the committee members to determine the factors they considered, rather than to draw inferences from the current, incomplete record.

The hearing panel held a fact-finding hearing on December 3, 2010. Krishnan objected to the proceeding, arguing that "the evidence that's necessary to answer the questions that the appellate court's addressed to this panel is in the record that has already been assembled and that we don't have to call anyone." The hearing proceeded despite this objection. Two members of the

---

[11] Krishnan, 2009 WL 3070533, at *1.

review committee testified who did not testify at the first hearing, and O'Donnell also testified. Those committee members, Professors Guozhong Cao and Charles Campbell, testified about the committee's interpretation of the reviewers' letters, among other matters. They stated that three of the letters sounded positive, but in fact provided negative evaluations. For example, one letter did not recommend reappointment expressly and contained "faint praise," while Cao characterized another letter as stating that Krishnan's research output and citation record were low given the level of funding that he received as an endowed chair. Additionally, three out of four potential external reviewers declined to write letters. Krishnan produced no evidence at the hearing. On February 7, 2011, the hearing panel affirmed O'Donnell's decision.

The university's interim president denied Krishnan's subsequent appeal of the hearing panel's decision.[12] On May 18, 2011, Krishnan filed a petition for judicial review of the interim president's decision in King County Superior Court, which the court dismissed. Krishnan appeals.

---

[12] The interim president's decision constituted an "agency action" under RCW 34.05.010(3).

NO. 68877-4 -I / 7

## STANDARD OF REVIEW

The state Administrative Procedure Act, chapter 34.05 RCW, governs this appeal.[13] When reviewing an administrative decision, we stand in the same position as the superior court.[14] As such, we review the hearing panel's decision, not the superior court's ruling.[15] "We apply a substantial evidence standard to the agency's findings of fact but review de novo its conclusions of law."[16] Because Krishnan does not challenge the panel's findings of fact, they are verities on appeal.[17]

Under RCW 34.05.570(3), we will reverse an administrative decision that (1) violates a constitutional provision on its face or as applied, (2) lies outside the agency's lawful authority or jurisdiction, (3) is a result of an erroneous interpretation or application of the law, (4) is not based upon substantial

[13] Cmty. Ass'n for Restoration of the Env't v. Dep't of Ecology, 149 Wn. App. 830, 839, 205 P.3d 950 (2009) (citing Pub. Util. Dist. No. 1 of Pend Oreille County v. Dep't of Ecology, 146 Wn.2d 778, 789-90, 51 P.3d 744 (2002)).

[14] Alpha Kappa Lambda Fraternity v. Wash. State Univ., 152 Wn. App. 401, 413, 216 P.3d 451 (2009) (citing Farm Supply Distribs., Inc. v. Wash. Utils. & Transp. Comm'n, 83 Wn.2d 446, 448, 518 P.2d 1237 (1974)).

[15] Alpha Kappa Lambda Fraternity, 152 Wn. App. at 413 (citing Energy Nw. v. Hartje, 148 Wn. App. 454, 463, 199 P.3d 1043 (2009)).

[16] Heidgerken v. Dep't of Natural Res., 99 Wn. App. 380, 384, 993 P.2d 934 (2000) (citing Terry v. Emp't Sec. Dep't, 82 Wn. App. 745, 748-49, 919 P.2d 111 (1996)).

[17] Campbell v. Emp't Sec. Dep't, 174 Wn. App. 210, 215, 297 P.3d 757 (2013) (citing Smith v. Emp't Sec. Dep't, 155 Wn. App. 24, 33, 226 P.3d 263 (2010)), review granted, No. 88772-1 (Wash. Oct. 4, 2013).

evidence, or (5) is arbitrary or capricious.[18] Krishnan bears the burden of proving that the hearing panel's decision was improper.[19]

ANALYSIS

Krishnan claims, "The hearing panel conducted an evidentiary hearing on remand without a legitimate basis for doing so and, in the process, exceeded the scope of the September 28, 2009 decision of the court of appeals and willfully disregarded extensive evidence in the record." In his brief, he states that the panel's decision on remand "failed to comply with the Court's directive, was arbitrary and capricious, and must be reversed." But at oral argument, Krishnan requested a new hearing.

First, Krishnan asserts that the law of the case doctrine "preclude[s] the Hearing Panel's revisiting the findings/conclusions that the Review Committee ignored significant uniformly positive input, that the Review Committee's generally negative opinion of Prof. Krishnan's research and scholarship was not supported by the external letters, and that the report was flawed." Second, Krishnan alleges that "footnote 19 [in this court's 2009 opinion] indicates that such evidence already in the record was sufficient to support a conclusion that if Dean O'Donnell considered the Report, his decision was affected by impermissible or irrelevant factors." Third, Krishnan contends that the hearing

---

[18] Heidgerken, 99 Wn. App. at 384 (citing RCW 34.05.570(3)).
[19] RCW 34.05.570(1)(a).

-8-

officer "focused on the last sentence in the first paragraph of the September 28, 2009 decision as justification for conducting a fact-finding evidentiary hearing beyond the scope of what the remainder of that decision directed" because "the last sentence of the September 28, 2009 decision does not contain the word 'hearing.'" Lastly, he argues that the panel should have held a written, rather than an oral hearing.

When an appellate court remands to a lower court, the lower court interferes with the appellate court's jurisdiction "if the lower court makes any decision outside the specific directive to the lower court contained in the remand."[20] Krishnan argues that this court decided in 2009 that "substantial evidence supported the conclusion that the Review Committee did not refer to a significant amount of uniformly positive input from the reviewers" and that the review committee's report was flawed. He points to this court's statement:

> [T]he hearing panel concluded that the review committee's report "did not refer to a significant amount of uniformly positive input from both internal and external reviewers in its findings" and that "[t]he generally negative opinion of the Review Committee of Krishnan's research and scholarship is not supported by the letters supplied by external reviewers." Those findings are both favorable to Krishnan

---

[20] Williams v. Leone & Keeble, Inc., 170 Wn. App. 696, 704, 285 P.3d 906 (2012) (citing Garratt v. Dailey, 49 Wn.2d 499, 500, 304 P.2d 681 (1956); Robert Morton Organ Co. v. Armour, 179 Wash. 392, 396, 38 P.2d 257 (1934); Frye v. King County, 157 Wash. 291, 293-94, 289 P. 18 (1930)), review denied, 176 Wn.2d 1030 (2013).

and sufficiently supported by evidence of positive reviews in the record.[21]

Krishnan contends that by permitting the two additional committee members to testify about the letters' contents, the hearing panel "undid the settled findings."

"[W]here there has been a determination of applicable law in a prior appeal, the law of the case doctrine ordinarily precludes an appeal of the same legal issue."[22] Additionally, under the law of the case doctrine, "questions determined on appeal, or which might have been determined had they been presented, will not be considered in a subsequent appeal if there is no substantial change in the evidence at the remanded trial."[23]

Here, this court made the statement that Krishnan cites in response to his contention that the hearing panel should have provided greater detail about the positive reviews the committee received. In this statement, this court explained that the panel sufficiently noted a discrepancy between the review letters and the committee's report. Despite Krishnan's assertion, this court did not establish as a matter of law that the letters provided only positive evaluations. And Krishnan provides no basis to exclude evidence indicating that the letters were not as positive as they might have seemed. One purpose of this court's remand was to determine whether the committee report was merely flawed or whether the

---

[21] Krishnan, 2009 WL 3070533, at *5 (second alteration in original).

[22] Roberson v. Perez, 119 Wn. App. 928, 931, 83 P.3d 1026 (2004).

[23] Roberson, 119 Wn. App. at 931 (citing State v. Worl, 129 Wn.2d 416, 425, 918 P.2d 905 (1996)).

committee "actually considered impermissible or irrelevant factors."[24] Additional evidence about the letters' contents provided relevant information about the apparent discrepancy between the committee's characterization of Krishnan's reviews and the reviewers' evaluations.

Krishnan also challenges the hearing panel's actions based upon footnote 19 of this court's 2009 opinion. He claims that the fact the report was flawed meant that "Dean O'Donnell's decision not to reappoint was affected by impermissible or irrelevant factors, irrespective of the absence of direct evidence on the matter." Footnote 19 states, "As the University argues, no direct evidence in the record shows that the review committee based its recommendation on impermissible considerations, but a reasonable fact finder could also infer that the discrepancy between the positive letters and the merely equivocal conclusion resulted from consideration of impermissible or irrelevant factors."[25]

Krishnan cites McDonnell Douglas Corp. v. Green,[26] in which "the United States Supreme Court established an evidentiary burden-shifting protocol . . . to 'compensate for the fact that direct evidence of intentional discrimination is hard to come by.'"[27] He alleges that this burden-shifting framework is relevant here

---

[24] Krishnan, 2009 WL 3070533, at *4.

[25] Krishnan, 2009 WL 3070533, at *4 n.19.

[26] 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

[27] Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 180, 23 P.3d 440 (2001) (quoting Price Waterhouse v. Hopkins, 490 U.S. 228, 271, 109 S. Ct. 1775, 104

because "as the Court's discussion in footnote 19 reflects, Prof. Krishnan did not need to provide direct evidence of impermissible or irrelevant considerations; circumstantial evidence would suffice." He argues that circumstantial evidence "already in the record was sufficient to support a conclusion that if Dean O'Donnell considered the Report, his decision was affected by impermissible or irrelevant factors."

Washington courts apply the McDonnell Douglas burden-shifting framework to evaluate "motions for judgment as a matter of law in discrimination cases brought under state and common law, where the plaintiff lacks direct evidence of discriminatory animus."[28] Because Krishnan does not allege discriminatory animus, we decline to apply this framework here.

Again, in 2009, this court concluded that the report was flawed because of an apparent discrepancy between the letters and the committee's assessment. It remanded to the hearing panel "[b]ecause we cannot determine from the record whether the hearing panel found that the review committee report was merely flawed or was actually affected by irrelevant or impermissible considerations."[29] The fact that a reasonable fact finder could "infer" the committee based its

---

L. Ed. 2d 268 (1989) (O'Connor, J., concurring)), overruled on other grounds by McClarty v. Totem Elec., 157 Wn.2d 214, 137 P.3d 844 (2006).

[28] Hill, 144 Wn.2d at 180 (citing Kastanis v. Educ. Emps. Credit Union, 122 Wn.2d 483, 490, 859 P.2d 26, 865 P.2d 507 (1993)).

[29] Krishnan, 2009 WL 3070533, at *1.

recommendation on impermissible considerations does not satisfy Krishnan's burden to establish that the flaws were the result of such considerations.

Krishnan also claims that the hearing panel improperly interpreted the last sentence in the introductory paragraph of this court's prior opinion, which included the word "hearing." This is the only sentence in the opinion that refers to a "hearing" on remand.[30] Krishnan contends that the panel failed to consider this court's entire decision when it supplemented the evidentiary record on remand.[31] We reject this claim.

In footnote 20 of the decision, this court cited RCW 34.05.562(2), which states,

> The court may remand a matter to the agency, before final disposition of a petition for review, with directions that the agency conduct fact-finding and other proceedings the court considers necessary and that the agency take such further action on the basis thereof as the court directs, if:
>
> (a) The agency was required by this chapter or any other provision of law to base its action exclusively on a record of a type reasonably suitable for judicial review, but the agency failed to prepare or preserve an adequate record.

---

[30] See Krishnan, 2009 WL 3070533, at *4 ("[W]e remand this issue to the hearing panel for a finding on whether the review committee actually considered impermissible or irrelevant factors."); Krishnan, 2009 WL 3070533, at *6 ("We remand this matter to the hearing panel for fact-finding on whether O'Donnell followed the requirement that he consider the flawed review committee report and, if so, whether his decision can stand.").

[31] See Kolatch v. I. Rome & Sons, 137 Wash. 268, 270-71, 242 P. 38 (1926) (effect of reversal without specific instructions determined from whole opinion).

Here, the university's policies and procedures required O'Donnell to base his decision, in part, on the hearing panel's recommendation. But, the recommendation was based upon an inadequate committee report that "ignored relevant input."[32] This court expressed doubt about the sufficiency of the evidence to determine whether the report's flaws were due to impermissible considerations or other reasons. The new evidence bore directly upon the factors that the committee considered, as well as the extent to which O'Donnell considered the review committee's report. This evidence convinced the hearing panel that its decision should stand. Thus, the panel appropriately exercised its discretion to permit further proof on these issues.[33] Additionally, in citing RCW 34.05.562(2), this court indicated that the agency needed to supplement the record to provide sufficient information to decide the matters at issue. Krishnan fails to show that when reading this court's opinion as a whole, this court imposed specific procedural limitations upon the hearing panel on remand or that it intended to limit its fact-finding to the existing record.

Krishnan also argues that because our Supreme Court has recognized that a court may conduct a written, rather than an oral hearing,[34] the hearing

---

[32] Krishnan, 2009 WL 3070533, at *4.
[33] Seidler v. Hansen, 14 Wn. App. 915, 918, 547 P.2d 917 (1976) (citing Sweeny v. Sweeny, 52 Wn.2d 337, 339, 324 P.2d 1096 (1958); Bryant v. Vern Cole Realty Co., 39 Wn. 2d 571, 574, 237 P.2d 487 (1951)).
[34] Weyerhaeuser v. Pierce County, 124 Wn.2d 26, 51-52, 873 P.2d 498 (1994) ("The term 'hearing' may connote a written rather than oral hearing or a

panel should have conducted a written hearing "[b]ecause the evidence in the record was sufficient to allow the Hearing Panel to comply with the Court's directive on remand." Krishnan offers no authority, however, that required the hearing panel to conduct a written hearing. His argument fails.

Finally, Krishnan requests attorney fees and costs under RCW 4.84.350. Because he does not prevail in this appeal, we deny his request.

## CONCLUSION

Because Krishnan fails to show that this court in its 2009 opinion intended to limit the hearing panel's fact-finding to the existing record, we hold that the hearing panel did not err by taking additional evidence on remand. Accordingly, we affirm the trial court's order dismissing his petition for judicial review.

_Leach, C. J._

WE CONCUR:

_Dwyer, J._     _Cox, J._

---

different panoply of procedures in any given case.") (citing Henry J. Friendly, Some Kind of Hearing, 123 U. PA. L. REV. 1267, 1270-71 (1975)).