**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY D. CHEESMAN; RUTH ANN CONDE CHEESMAN, | No. 20-35213 |
| Plaintiffs-Appellants, | D.C. Nos.   1:18-cv-03017-SAB<br>1:18-cv-03216-SAB |
| v. | |
| CITY OF ELLENSBURG; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Roy D. Cheesman and Ruth Ann Conde Cheesman appeal pro se from the

district court's summary judgment in their consolidated actions alleging federal

and state law claims arising out of the loss of custody of their children. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mabe v. San Bernardino*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment for defendants Margheim and Weed because plaintiffs failed to raise a genuine dispute of material fact as to whether defendants' conduct related to the investigation into allegations of child abuse was without reasonable cause or was negligent. *See Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000) (government officials may remove a child from parents' custody without prior judicial authorization if they possess information at the time of the seizure that establishes "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury"); *Rodriguez v. Perez*, 994 P.2d 874, 880 (Wash. Ct. App. 2000) (law enforcement must investigate child abuse allegations in a "nonnegligent manner"); *see also Kirkpatrick v. County of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016) (in context of removal of child from parental custody, Fourth Amendment right to be free from unreasonable, warrantless seizure by government officials belongs to the child, not the parent).

The district court properly granted summary judgment for defendants Anderson and Brunk because plaintiffs failed to raise a triable dispute as to any of their claims against these defendants. *See* Fed. R. Civ. P. 56(c) (setting forth evidentiary support required in opposing a motion for summary judgment); *Bias v.*

*Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (affirming summary judgment where pro se non-moving party presented no evidence creating a genuine dispute of material fact).

We reject as unpersuasive the Cheesmans' contentions regarding the Double Jeopardy Clause, the right to a jury trial, and their equal protection rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-35213