919 P.2d 102 (1996)
82 Wash.App. 521
Michael HENSEL, Appellant,
v.
The DEPARTMENT OF FISHERIES, Joseph Blum, its Director, Respondent.
Dean C. NIELSEN, Appellant,
v.
The DEPARTMENT OF FISHERIES, Joseph Blum, its Director, Respondent.
L. Joe SCHREINER, Appellant,
v.
The DEPARTMENT OF FISHERIES, Joseph Blum, its Director, Respondent.
Nos. 18000-6-II, 18154-1-II and 18229-7-II.
Court of Appeals of Washington, Division 2.
June 7, 1996.
Publication Ordered July 19, 1996.
*103 Kathryn B. McLeod, Jay Douglas Geck, Asst. Attys. Gen., Olympia, for respondent.
Joseph Lawrence Coniff, Jr., and James Emmett Freeley, Olympia, for appellants.
ARMSTRONG, Judge.
In this consolidated action, the three appellants challenge the denial of their sea urchin endorsement applications. The Department of Fisheries denied the applications, finding that the appellants did not qualify for the extenuating circumstances exception to the endorsement act's historic landing requirement (proof of 20,000 pounds of urchin landings between April 1986 and April 1988). Because past participation in the urchin fishing industry is a reasonable condition precedent for waiver of the landing requirement, we affirm.

*104 FACTS
In 1986, L. Joe Schreiner received a medical retirement from his job as a deputy sheriff in California. Schreiner testified that he intended to move to Washington and fish for urchins in 1986, but was prevented from doing so by his knee injury. He moved to Washington in August 1988 and made approximately four sea urchin dives in the fall of 1988, catching an estimated 1,000 pounds of sea urchins. Schreiner then applied for a sea urchin endorsement in September 1989. The Department of Fisheries (the Department) denied his application for failure to satisfy the historic landing requirements under the endorsement act. An administrative law judge affirmed the denial, finding that Schreiner did not qualify for the extenuating circumstances exception because he had not participated in urchin fishing during the qualifying period, April 1986 to March 1988.
Dean C. Nielsen returned to Washington in January 1988 to teach a friend, Tim O'Brien, how to dive for sea urchins. Nielsen dove for urchins with O'Brien for about three weeks in January and February 1988, landing at least 20,000 pounds of urchins. Nielsen caught the majority of the urchins. Nielsen testified that he paid O'Brien to haul his urchins to shore. O'Brien signed for all of the urchins on his tickets, recording 52,000 pounds of urchins. Nielsen testified that he and O'Brien were "partners." No records were provided, however, to establish the relationship between Nielsen and O'Brien.
Nielsen went to Texas in February 1988. He returned to Washington in July 1988, bought a boat, and began fishing for urchins in October 1988. He applied for a 1989 sea urchin endorsement in October 1989. The Department denied his application for failure to satisfy historic landing requirements. An administrative law judge affirmed the denial, finding that Nielsen had not met his burden of proof that extenuating circumstances existed to waive the landing requirement.
Michael L. Hensel served in the Navy until 1987. He purchased a pleasure vessel in May 1988 and converted it to a fishing vessel over the next few months. He began diving for urchins in October 1988. Hensel then applied for a sea urchin endorsement to his commercial shellfish diver license. The Department denied his application for failure to satisfy historic landing requirements. An administrative law judge affirmed the denial, finding that Hensel had not shown extenuating circumstances under the act.

ISSUES
Appellants raise three questions:
(1) Whether the Department's requirement of past participation in the urchin fishing industry is a reasonable condition precedent for waiver of the landing requirement under RCW 75.30.120;
(2) Whether substantial evidence supports the Departments finding that Dean C. Nielsen did not participate in the historic landing period and did not qualify for a waiver; and
(3) Whether possession of a 1988 shellfish diving license alone is sufficient to qualify for a 1989 sea urchin endorsement.

ANALYSIS
Judicial review of administrative and agency orders is governed by RCW 34.05.570(3). Northwest Steelhead and Salmon Council of Trout Unlimited v. Wash. State Dept. of Fisheries, 78 Wash.App. 778, 785, 896 P.2d 1292 (1995). The court may grant relief from an agency order only if it determines, amongst other grounds, that the agency erroneously interpreted or applied the law, or that the order is not supported by substantial evidence. RCW 34.05.570(3)(d),(e). Under the error of law standard, the court engages in a de novo review of the agency's legal conclusions. Tapper v. State Employment Sec. Dep't, 122 Wash.2d 397, 403, 858 P.2d 494 (1993). The court, however, will give substantial weight to the agency's interpretation when it falls within the agency's expertise and special area of the law. Jefferson County v. Seattle Yacht Club, 73 Wash.App. 576, 588, 870 P.2d 987, review denied, 124 Wash.2d 1029, 883 P.2d 326 (1994). Findings of fact are reviewed under the substantial evidence standard. Seattle Yacht, 73 Wash.App. at 588, 870 P.2d 987. Substantial evidence is evidence sufficient to persuade a fair-minded *105 person of the truth of the declared premise. American Nursery Prod. Inc. v. Indian Wells Orchards, 115 Wash.2d 217, 222, 797 P.2d 477 (1990).

A. Past Participation in Urchin Fishing
The appellants argue that the Department erred in restricting consideration of extenuating circumstances to those applicants who proved past participation in the sea urchin fishing industry.
Under RCW 75.30.210, an urchin endorsement will be issued only to vessel owners who:
(a) Held a commercial shellfish diver license, excluding clams, during calendar years 1988 and 1989 or had transferred to the vessel such a license;
(b) Have not transferred the license to another vessel; and
(c) Can establish, by means of dated shellfish receiving documents issued by the department, that twenty thousand pounds of sea urchins were caught and landed under the license during the period of April 1, 1986, through March 31, 1988.
Laws of 1990, ch. 62, § 2 (current version at RCW 75.30.210 (1993)). The statute permits, however, a waiver of the landings requirement if a vessel owner can show that extenuating circumstances[1] prevented him from making sufficient landings during the relevant time period. Foley v. Dep't of Fisheries, 119 Wash.2d 783, 793, 837 P.2d 14 (1992).
In permitting the initial landing requirement to be reduced or waived, the Legislature expressed its intention to protect past participants with the following amendment to the act:
The legislature desires to maintain the livelihood of those vessel owners who have historically and continuously participated in the sea urchin fishery. The legislature desires that the director have the authority to consider extenuating circumstances concerning failure to meet landing requirements for both initial endorsement issuance and endorsement renewal.
Laws of 1990, ch. 62, § 1. The Department's rule allowing waiver of the initial landing requirement only for those vessel owners who had historically and continuously participated in urchin fishing follows the legislative intent and is reasonable.
Foley supports this position. In Foley, the court stated that the statute allows a waiver if "extenuating circumstances prevented him or her from making sufficient landings during the relevant time period." Foley, 119 Wash.2d at 793, 837 P.2d 14 (emphasis added). The court, therefore, recognized that past participation in sea urchin fishing during the initial time period was required.
2. Schreiner's and Hensel's Applications
Neither Schreiner nor Hensel participated in urchin fishing until fall, 1988, outside the initial qualifying period. The Department, therefore, properly denied their applications.
3. Nielsen's Application
In denying Nielsen's application, the Department found that Nielsen had not met his burden of proof that extenuating circumstances existed to waive the landing requirement. Nielsen did dive briefly for urchins with O'Brien during the historic period in January and February 1988. Although Nielsen estimated that he and O'Brien together caught at least 20,000 pounds of urchins, Nielsen did not sign any fish tickets documenting the amount of urchins he caught. Instead, all of the urchins were listed on O'Brien's tickets. Furthermore, although Nielsen testified that he and O'Brien dove as partners, no records were produced to establish their relationship. Nielsen left Washington in February 1988, returned in July 1988, and resumed diving for urchins in *106 October 1988. His brief participation in urchin fishing was voluntary and not due to unforeseen circumstances. See Mustappa v. Dep't of Fisheries, 67 Wash.App. 790, 794, 840 P.2d 235 (1992) (requiring that applicant show failure to land salmon due to circumstances beyond his control to qualify for waiver under salmon licensing statute, RCW 75.30.120). Substantial evidence, therefore, exists to support the Department's determination that Nielsen did not meet his burden of proof that extenuating circumstances existed to waive the historic landing requirement.

B. Statutory Construction of the Urchin Act
Hensel argues that past participation is not required under subsection (a) of the act, only under subsection (b). He maintains that because he held a 1988 shellfish diver license he was entitled to an urchin endorsement without meeting the landing requirement of subsection (c). To follow the argument, we again set forth the act that limited sea urchin endorsements to those vessels that:
(a) Held a commercial shellfish diver license, excluding clams, during calendar years 1988 and 1989 or had transferred to the vessel such a license;
(b) Have not transferred the license to another vessel; and
(c) Can establish, by means of dated shellfish receiving documents issued by the department, that twenty thousand pounds of sea urchins were caught and landed under the license during the period of April 1, 1986, through March 31, 1988.
Laws of 1990, ch. 62, § 2. The argument is without merit. The plain language of the act provides that the landing requirement, subsection (c), applies to all applicants. "Vessel owners must thus meet both the shellfish diver licensing requirements and the 20,000-pound landing requirement to qualify for an urchin endorsement." Foley, 119 Wash.2d at 786, 837 P.2d 14 (emphasis present). Accordingly, the landing requirement applies to all applicants for a sea urchin endorsement.
Affirmed.
SEINFELD, C.J., and BRIDGEWATER, J., concur.
NOTES
[1] WAC 220-16-410 provides: "`Extenuating circumstances' for purposes of this title mean circumstances that lessen the seriousness or magnitude of an act, and which are to be considered in determining if an individual is to be granted extraordinary relief. Such personal characteristics as age, education, fishing experience, and physical capability, as well as other personal characteristics, and such physical circumstances as weather, age of vessel, and vessel propulsion mechanism, as well as other physical circumstances, may be considered when reviewing a set of facts for extenuating circumstances."