123 P.3d 513 (2005)
130 Wash.App. 541
Dennis A. STARR, Appellant,
v.
WASHINGTON STATE DEPARTMENT OF EMPLOYMENT SECURITY, Respondent.
No. 33003-2-II.
Court of Appeals of Washington, Division 2.
November 22, 2005.
*514 Bruce L. Turcott, Jamie Neshera Jones, Office of the Attorney General, Olympia, WA, for Respondent.
Deborah Maranville, Seattle, WA, for Appellant.
HUNT, J.
¶ 1 Dennis Starr appeals denial of his claim for unemployment compensation benefits *515 after he voluntarily quit his job and traveled to Alaska to care for his daughters and grandchildren in dire circumstances. He argues that (1) RCW 50.20.050(2)(b)(i)-(x)'s list of non-disqualifying reasons for voluntarily leaving employment is not exclusive; and (2) "good cause" for voluntarily quitting under RCW 50.20.050(2)(a) includes compelling personal reasons, such as his daughters' and grandchildren's circumstances.
¶ 2 Holding that RCW 50.20.050(2)(b) provides an exclusive list of "good cause" reasons for voluntarily quitting employment without being disqualified from receiving unemployment benefits, we affirm dismissal of Starr's claim.

FACTS

I. STARR'S UNEMPLOYMENT
¶ 3 Beginning February 24, 2003, Dennis Starr worked five months as a full-time fuel salesman. On July 26, 2003, he left his employer a telephone message that he was going to Alaska to assist his daughters: One daughter had been arrested and incarcerated for murder;[1] the other had been in a serious car accident and was also incarcerated. Starr did not indicate when or whether he might return to his job. Starr's employer paid him through July 31 and recorded him as a "voluntary quit."
¶ 4 Starr and his wife stayed in Alaska to take custody of their daughter's children while their daughter was incarcerated and to assist with her legal problems. Starr did not return to work for his Washington employer.

II. PROCEDURE
¶ 5 In February 2004, while still in Alaska, Starr applied for unemployment compensation with the Washington State Employment Security Department (Department). On February 25, the Department denied Starr's claim because he "did not have good cause to quit work." Commissioner's Record (CR) at 35 (emphasis added).
¶ 6 After an administrative hearing, the administrative law judge (ALJ) concluded that (1) "good cause" for voluntarily leaving employment is limited to the enumerated provisions of RCW 50.20.050(2)(b); and (2) "[e]ven though [Starr] had very compelling reasons to quit his job, these reasons were personal in nature, not work related and did not otherwise fall under any qualifying `good cause' category." CR at 60. Starr petitioned for review.
¶ 7 On review, the Department's Commissioner affirmed the ALJ's decision, and adopted the ALJ's findings of fact[2] and conclusions of law, with one exception: The Commissioner modified the ALJ's conclusion of law five "to show that the revisions to RCW 50.20.050 ... do not require that a claimant's voluntary separation from employment be work-related to constitute good cause pursuant to RCW 50.20.050(2)(a). See, for example, RCW 50.20.050(2)(b)(i), (ii), (iii), and (iv)." CR at 71-72. Starr sought judicial review in superior court.
¶ 8 Sitting in its appellate capacity, the superior court affirmed the Commissioner's decision denying Starr unemployment benefits.
¶ 9 Starr appeals.

ANALYSIS
¶ 10 This appeal presents a single issue of first impression: Under RCW 50.20.050(2)(a), can non-enumerated compelling personal reasons constitute good cause for voluntarily quitting a job or is good cause limited to the factors enumerated in RCW 50.20.050(2)(b)(i)-(x)? We hold that good cause is limited to the factors enumerated in RCW 50.20.050(2)(b)(i)-(x).

I. STANDARD OF REVIEW
¶ 11 In reviewing an administrative action, we apply the standards of the Administrative Procedure Act (APA) directly to the *516 record before the agency.[3]Tapper v. Employment Sec., 122 Wash.2d 397, 402, 858 P.2d 494 (1993). We presume the commissioner's decision to be "prima facie correct." Employees of Intalco Aluminum Corp. v. Employment Sec. Dep't, 128 Wash.App. 121, 126, 114 P.3d 675 (2005).
¶ 12 We grant relief from an agency order in an adjudicative proceeding if the agency erroneously interpreted or applied the law, RCW 34.05.570(3)(d), and the person seeking judicial relief has been substantially prejudiced. RCW 34.05.070(1)(d). The burden is on the party challenging the Commissioner's ruling to satisfy these two prerequisites. Employees of Intalco Aluminum Corp., 128 Wash.App. at 126, 114 P.3d 675.
¶ 13 Construction of a statute is a question of law, which we review de novo under the error of law standard. Pasco v. Public Employment Relations Comm'n, 119 Wash.2d 504, 507, 833 P.2d 381 (1992). When the statute falls within an agency's area of expertise, we give substantial weight to that agency's construction of statutory language and legislative intent. Hensel v. Dep't of Fisheries, 82 Wash.App. 521, 525-26, 919 P.2d 102 (1996).
¶ 14 Nonetheless, the courts retain the ultimate authority to interpret a statute. Franklin County Sheriff's Office v. Sellers, 97 Wash.2d 317, 325-26, 646 P.2d 113 (1982), cert. denied, 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 954 (1983). A reviewing court's obligation is to give effect to the Legislature's intent. Lacey Nursing Ctr., Inc. v. Dep't of Revenue, 128 Wash.2d 40, 53, 905 P.2d 338 (1995). Our review begins with the statute's plain language. Lacey Nursing Ctr., 128 Wash.2d at 53, 905 P.2d 338. When, as here, a statute is unambiguous, we determine legislative intent from the statutory language alone. Waste Mgmt. of Seattle v. Util. & Transp. Comm., 123 Wash.2d 621, 629, 869 P.2d 1034 (1994).

II. "GOOD CAUSE" UNDER RCW 50.20.050
¶ 15 Starr argues that RCW 50.20.050(2)(b) does not establish an exclusive list of non-disqualifying circumstances. He argues instead that the Legislature intended to include other more general "compelling personal reasons" such that leaving his employment to care for his grandchildren in Alaska would not disqualify him from receiving unemployment compensation. We disagree.
¶ 16 RCW 50.20.050 is titled "Disqualification for leaving work voluntarily without good cause." By its plain language, subsection (1) applies to "claims that have an effective date before January 4, 2004." RCW 50.20.050(1). By its parallel plain language, subsection (2) applies to "claims that have an effective date on or after January 4, 2004." RCW 50.20.050(2). Because Starr filed for unemployment benefits after January 4, 2004, subsection (2) applies to his unemployment benefits claim. Holding that the language of RCW 50.20.050 is unambiguous, we look to other portions of the statute's plain language to determine its scope and the Legislature's intent for unemployment benefits coverage when a worker voluntarily leaves employment.

A. Plain Language
¶ 17 Subsection (2) of RCW 50.20.050 first provides, "An individual shall be disqualified from [unemployment] benefits beginning with the first day of the calendar week in which he or she has left work voluntarily without good cause. ..." RCW 50.20.050(2)(a). This subsection goes on to explain additional aspects of disqualifying circumstances, which do not pertain here.
¶ 18 Next, subsection (b) lists ten circumstances that will not disqualify a worker from receiving unemployment benefits, in pertinent part, as follows:
(b) An individual is not disqualified from benefits under (a) of this subsection when:

*517 (i) He or she has left work to accept a bona fide offer of bona fide work as described in (a) of this subsection;
(ii) The separation was necessary because of the illness or disability of the claimant or the death, illness, or disability of a member of the claimant's immediate family if:
(A) The claimant pursued all reasonable alternatives to preserve his or her employment status by requesting a leave of absence, by having promptly notified the employer of the reason for the absence, and by having promptly requested reemployment when again able to assume employment. These alternatives need not be pursued, however, when they would have been a futile act, including those instances when the futility of the act was a result of a recognized labor/management dispatch system; and
(B) The claimant terminated his or her employment status, and is not entitled to be reinstated to the same position or a comparable or similar position;
(iii) He or she: (A) Left work to relocate for the spouse's employment that, due to a mandatory military transfer: (I) Is outside the existing labor market area; and (II) is in Washington or another state that, pursuant to statute, does not consider such an individual to have left work voluntarily without good cause; and (B) remained employed as long as was reasonable prior to the move;
(iv) The separation was necessary to protect the claimant or the claimant's immediate family members from domestic violence,... or stalking ...
(v) The individual's usual compensation was reduced by twenty-five percent or more;
(vi) The individual's usual hours were reduced by twenty-five percent or more;
(vii) The individual's worksite changed, such change caused a material increase in distance or difficulty of travel, and, after the change, the commute was greater than is customary for workers in the individual's job classification and labor market;
(viii) The individual's worksite safety deteriorated, the individual reported such safety deterioration to the employer, and the employer failed to correct the hazards within a reasonable period of time;
(ix) The individual left work because of illegal activities in the individual's worksite, the individual reported such activities to the employer, and the employer failed to end such activities within a reasonable period of time; or
(x) The individual's usual work was changed to work that violates the individual's religious convictions or sincere moral beliefs.
RCW 50.20.050(2)(b) (emphasis added). This subsection contains no additional open-ended circumstance of any type; and it clearly contains no general category entitled "compelling personal reasons," as Starr would have us read into the statute.
¶ 19 On the contrary, RCW 50.20.050(2)(b) lists the following circumstances, although not categorized as such, which could be deemed non-disqualifying "compelling personal circumstances" causing a claimant to quit work: (i) accepting another bona fide job offer; (ii) illness or disability of the claimant or a family member; (iii) the claimant's spouse was transferred by the military; (iv) domestic violence; and (v) conflict between the claimant's religious or moral beliefs and the work place. Nothing in this subsection or anywhere else in RCW 50.20.050 even hints that there could be other non-disqualifying circumstances.

B. Exclusive List
¶ 20 Nonetheless, Starr argues that RCW 50.20.050(2)(b) does not establish an exclusive list of non-disqualifying circumstances.[4] He argues instead that the Legislature intended to include other undefined "compelling personal reasons."[5] We disagree.

*518 Where a statute specifically designates the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature under the maxim expressio unius est exclusio alterius  specific inclusions exclude implication.
Wash. Natural Gas Co. v. Pub. Util. Dist. No. 1, 77 Wash.2d 94, 98, 459 P.2d 633 (1969). Thus, because the Legislature specified in section (2)(b) ten circumstances that will not disqualify an individual from unemployment benefits under section (2)(a), we infer that RCW 50.20.050(2)(b) comprises the Legislature's exclusive list of circumstances[6] that will not defeat a claim for unemployment compensation when a worker voluntarily quits employment.

C. Starr's Related Arguments
¶ 21 Relying extensively on In re Bale, 63 Wash.2d 83, 385 P.2d 545 (1963), Starr compares the RCW 50.20.050 version in effect at the time Bale was decided to the version in effect when he filed his claim. In Bale, our Supreme Court noted that our Legislature removed from former RCW 50.20.050 the language that limited "good cause" (for quitting employment) to "reasons related to the work in question"; the Court held that, in so doing, the Legislature intended to remove the work connected limitation and instead to allow "good cause" to include "compelling personal reasons." 63 Wash.2d at 89-90, 385 P.2d 545. Contrary to Starr's argument, however, it does not follow that the Legislature intended the same result under the subsequently amended statutory scheme in section (2)(b), applicable here.
¶ 22 Rather, an alternative reasonable explanation for claims filed after January 4, 2004, under section (2)(a), is that the Legislature replaced section 1(c)'s "work connected" restriction with section (2)(b)'s exhaustive list of "good cause" circumstances, not all of which are work connected and some of which describe compelling personal reasons.
¶ 23 The Commissioner apparently relied on this interpretation of the statute when he revised the ALJ's conclusion of law number five to state that "the revisions to RCW 50.20.050 ... do not require that a claimant's voluntary separation from employment be work-related to constitute good cause pursuant to RCW 50.20.050(2)(a)." CR at 72. In so revising the ALJ's conclusion, the Commissioner cited RCW 50.20.050(2)(b)(i)-(iv), which provides several circumstances that are personal in nature, unrelated to work conditions.
¶ 24 Not only is it appropriate for us to defer to the Commissioner's reasonable interpretation of the statute,[7]Hensel, 82 Wash. *519 App. at 525-26, 919 P.2d 102, but also, as we point out earlier in this opinion, the statute's plain language supports this interpretation. Therefore, we hold that RCW 50.20.050(2)(b)(i)-(x) provides the exclusive list of good cause reasons for voluntarily quitting employment that will not disqualify a claimant from receiving unemployment compensation benefits.

III. CONCLUSION
¶ 25 While Starr's situation and his personal sacrifices for his family are compelling, inclusion of this type of personal circumstance as a nondisqualifying circumstance, for purposes of unemployment compensation benefits, is a decision for the Legislature, not the courts. At this time, however, the Legislature has expressly chosen to include only the ten nondisqualifying circumstances in RCW 50.20.050(2)(b)'s exclusive list. And, no matter how compelling, Starr's personal circumstances do not fit within any of these ten "good cause" reasons for voluntarily quitting employment without being disqualified from receiving unemployment compensation. Thus, we affirm the Commissioner's denial of Starr's claim, and we deny Starr's request for attorney fees.
We concur: HOUGHTON, J., and VAN DEREN, A.C.J.
NOTES
[1] Police accused Starr's daughter, Denni, of murdering the father of her two children.
[2] The Commissioner adopted the ALJ's findings, to which Starr does not assign error. Thus, these findings are verities on appeal. Davis v. Dep't of Labor & Indus., 94 Wash.2d 119, 123, 615 P.2d 1279 (1980).
[3] "The appellate court reviews the findings and decision of the commissioner, not the superior court decision or the underlying ALJ order." Employees of Intalco Aluminum Corp. v. Employment Sec. Dep't, 128 Wash.App. 121, 126, 114 P.3d 675 (2005).
[4] We note Starr does not argue that he qualifies under RCW 50.20.050(2)(b) subsections (ii), disability of a family member, or (iv), domestic violence.
[5] Starr compares subsection (2) with subsection (1) of RCW 50.20.050. He points to RCW 50.20.050(1)(c), which provides, in pertinent part:

In determining under this subsection whether an individual has left work voluntarily without good cause, the commissioner shall only consider work-connected factors such as the degree of risk involved to the individual's health, safety, and morals, the individual's physical fitness for the work, the individual's ability to perform the work, and such other work connected factors as the commissioner may deem pertinent, including state and national emergencies.
(Emphasis added.) Starr then argues that, because the Legislature omitted this "work-connected" limitation when it added section (2) to RCW 50.20.050, "good cause" for voluntarily quitting work is no longer limited to work connected factors, and good cause now also includes "compelling personal reasons." We disagree.
As we explain above, RCW 50.20.050 is unambiguous; thus, there is no need to look to legislative history to determine legislative intent.
[6] This inference is further supported by language in other sections of the statute that, in contrast, explicitly provide nonexclusive lists. See, for example, RCW 50.04.294(1)  "`Misconduct' includes, but is not limited to, the following conduct by a claimant." (Emphasis added).
[7] The Department also points to legislative history as evidence that the Legislature intended RCW 50.20.050(2)(b)(i)-(x) to be an exhaustive list of circumstances that would not disqualify a voluntarily quitting employee from receiving unemployment benefits. In light of our holding based on the statute's plain language, we need not consult legislative history. Nonetheless, because both parties rely heavily on legislative history, we note that it supports our holding.

The House Bill Report states: (1) "The reasons specified in the Act as good cause for leaving work voluntarily are limited"; and (2) "[t]he Commissioner's discretion to determine that other work-related factors are good cause for leaving work is eliminated." http://www.leg.wa.gov/ pub/billinfo/2003-04/Senate/6075-6099/6097_hbr.pdf at 6 (last visited November 21, 2005) (emphasis added). The House Bill Report supports the Commissioner's determination that the Legislature intended to create an exhaustive list of circumstances constituting good cause for voluntarily quitting work.
Similarly, the Senate and Final Bill Report both state: "Effective January 4, 2004, an individual may receive benefits if he or she leaves work for the following reasons" (followed by nine enumerated circumstances). http://www. leg.wa.gov/pub/billinfo/2003-04/Senate/6075-6099/6097_sbr.pdf at 3 (last visited November 21, 2005); 2003 FINAL LEGISLATIVE REPORT. 58th Leg., 2nd Spec. Sess. at 293 (emphasis added). This language similarly supports the Commissioner's ruling that the Legislature intended to provide unemployment benefits only if an individual left work for certain specified reasons.