FILED
COURT OF APPEALS
DIVISION II

2013 MAR 26 AM 9: 27

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROBERT CAMPBELL,<br><br>               Respondent,<br><br>v.<br><br>STATE OF WASHINGTON DEPARTMENT<br>OF EMPLOYMENT SECURITY,<br><br>               Appellant. | No. 42631-5-II<br><br><br><br>PUBLISHED OPINION |

QUINN-BRINTNALL, J. — Robert Campbell left his full-time job as a teacher at the University Place School District (the District) because his wife received a four-month Fulbright grant to teach and research in Finland. Campbell resigned from his position at the end of the 2009-2010 school year, seven months prior to the temporary relocation to Finland. Campbell applied for unemployment benefits under the "quit to follow" statute, RCW 50.20.050(2)(b)(iii). The Employment Security Department (ESD) denied his claim. The Office of Administrative Hearings and the ESD commissioner affirmed ESD's decision. Campbell appealed and the superior court reversed. ESD now appeals to this court.

RCW 50.20.050(2)(b)(iii) requires that Campbell prove he had good cause to quit by showing that (1) he relocated for his spouse's employment, and (2) he stayed employed as long as reasonable. Campbell did not satisfy the requirements of the "quit to follow" statute because

he failed to remain employed as long as reasonable prior to the move, therefore we affirm the commissioner's decision denying Campbell's claim for unemployment benefits.

## FACTS

Campbell was employed as a teacher for the District from August 2004 until June 2010. During the 2009-2010 school year, Campbell's wife, Sarah Applegate, received a Fulbright grant to research and teach in Finland from February to May 2011.

Campbell requested a leave of absence for the spring semester of the 2010-2011 school year to accompany his wife and daughter to Finland. The District denied Campbell's leave request. Campbell then requested a leave of absence for the entire 2010-2011 school year. The District denied Campbell's second leave request. Ultimately, Campbell resigned from his position effective June 21, 2010.

Campbell applied for unemployment benefits. On his voluntary quit statement, Campbell gave the following statement about the main reason he decided to quit:

> I asked for a leave of absence for the 2010-11 school year to accompany my wife and care for our young daughter from Feb 2011-June 2011. [The District] refused to grant me a leave. My wife received a Fulbright grant to study schools in Finland.

Administrative Record (AR) at 40. ESD denied Campbell's request for benefits because it determined Campbell did not have good cause to quit.

Campbell appealed ESD's decision denying unemployment benefits. A hearing was held before an administrative law judge (ALJ) on September 28, 2010. The ALJ affirmed ESD's decision. The ALJ entered the following relevant findings of fact:

> 2. Sometime in April, 2010, claimant told employer that his wife had been accepted to the Fulbright Program. Claimant asked his employer at that time for a leave of absence so that he could travel with his wife and family to Finland in

February, 2011. Claimant's wife will be teaching and researching under the Fulbright grant from [sic] four months, February to May, 2011.

. . . .

5. On or about June 15, 2010 claimant quit his job so that he could travel with his wife and family to Finland for his wife's work under the Fulbright grant.

AR at 53. Based on its findings of fact, the ALJ concluded that Campbell had not met the statutory requirements for good cause to quit and, therefore, was not eligible for unemployment benefits.

Campbell appealed to the ESD commissioner. The commissioner adopted the ALJ's findings of fact. The commissioner concluded that to be eligible for unemployment benefits, Campbell would have to establish good cause for voluntarily quitting his job. "Good cause to quit is established when a claimant relocate[s] for the employment of his spouse outside the existing labor market area." AR at 66; RCW 50.20.050(2)(b)(iii). RCW 50.20.050(2)(b)(iii) also requires that the claimant remain employed as long as reasonable prior to the move. The commissioner determined that Campbell failed to establish that the Fulbright grant was employment. The commissioner also decided that Campbell quit his job prematurely and affirmed the ALJ's decision.

Campbell appealed to Thurston County Superior Court. The superior court reversed the commissioner's decision. ESD timely appeals.

ANALYSIS

Campbell argues that the commissioner erred by concluding that (1) the Fulbright grant was not employment and (2) Campbell did not remain employed as long as reasonable. Because the commissioner's conclusion that Campbell quit prematurely was based on substantial

evidence, was a proper application of the law, and was consistent with the commissioner's precedent, we affirm the commissioner's decision.[1]

Judicial review of a final decision by an ESD commissioner is governed by the Washington Administrative Procedure Act (APA), ch. 34.05 RCW. *Smith v. Emp't Sec. Dep't*, 155 Wn. App. 24, 32, 226 P.3d 263 (2010) (citing *Verizon Nw., Inc. v. Emp't Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008)). "We sit in the same position as the superior court and apply the APA standards directly to the administrative record." *Smith*, 155 Wn. App. at 32 (citing *Verizon*, 164 Wn.2d at 915). Therefore, we review the commissioner's decision, not the underlying decision of the ALJ or the subsequent decision of the superior court. *See Smith*, 155 Wn. App. at 32.

The party seeking relief bears the burden of demonstrating the invalidity of the agency action. RCW 34.05.570(1)(a). We grant relief only if the party seeking relief demonstrates the agency erroneously interpreted or applied the law, the order is not supported by substantial evidence, or the order is arbitrary and capricious. RCW 34.05.570(3)(d), (e), (i).

We review findings of fact for substantial evidence. *Smith*, 155 Wn. App. at 32. Unchallenged findings of fact are verities on appeal. *Smith*, 155 Wn. App. at 33 (citing *Fuller v. Emp't Sec. Dep't*, 52 Wn. App. 603, 605, 762 P.2d 367 (1988)). We review conclusions of law de novo. *Smith*, 155 Wn. App. at 32 (citing *Everett Concrete Prods., Inc. v. Dep't of Labor & Indus.*, 109 Wn.2d 819, 823, 748 P.2d 1112 (1988)). When addressing a mixed question of law

---

[1] Because Campbell must meet both requirements of the "quit to follow" statute to qualify for unemployment benefits, we do not address whether Applegate's four-month Fulbright grant is employment for the purposes of qualifying for unemployment benefits under the statute.

and fact, we (1) establish the relevant facts, (2) determine the applicable law, and (3) apply the law to the facts. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 403, 858 P.2d 494 (1993).

The Employment Security Act, Title 50 RCW, addresses "involuntary unemployment" by providing benefits for persons "unemployed through no fault of their own." RCW 50.01.010. A person who voluntarily quits without good cause is disqualified from receiving unemployment benefits. RCW 50.20.050(2)(a) (as amended by LAWS OF 2009, ch. 493, § 3).[2] If the job separation occurred after September 6, 2009, the statute sets out 11 reasons that provide good cause to voluntarily quit. RCW 50.20.050(2)(b)(i)-(xi). Under RCW 50.20.050(2)(b)(iii) ("quit to follow" statute), a person has good cause to voluntarily quit if he or she (1) left work to relocate for the employment of a spouse or domestic partner that is outside the existing labor market area, and (2) remained employed as long as reasonable prior to the move. RCW 50.20.050(2)(b)(iii), was enacted in 2009, and appellate courts have not yet interpreted the statute.

Prior to the 2009 amendments to RCW 50.20.050(2)(b), the listed statutory reasons were considered a nonexclusive list of reasons that established good cause to quit. *See Spain v. Emp't Sec. Dep't*, 164 Wn.2d 252, 258, 185 P.3d 1188 (2008). When the legislature amended RCW 50.20.050(2)(b) in 2009, it made clear that good cause to quit was limited to the listed statutory reasons. RCW 50.20.050(2)(a). To be eligible for unemployment benefits, the claimant must meet the statute's plain language requirements. *See Starr v. Dep't of Emp't Sec.*, 130 Wn. App. 541, 546, 123 P.3d 513 (2005), *review denied*, 157 Wn.2d 1019 (2006), *overruled on other*

---

[2] RCW 50.20.050 was amended twice in 2009 with neither amendment referencing the other. LAWS OF 2009, ch. 247, § 1; LAWS OF 2009, ch. 493, § 3. Under RCW 1.12.025, each amendment is given effect to the extent that they do not conflict with each other.

*grounds by Spain*, 164 Wn.2d 252. Therefore, under RCW 50.20.050(2)(b)(iii), Campbell must show that he left work to relocate for the employment of a spouse and that he remained employed as long as reasonable prior to the move. If Campbell cannot satisfy both requirements, he is not entitled to unemployment benefits.

Here, the commissioner concluded that "[Campbell] quit several months before his spouse's four month trip to Finland, and thus quite prematurely." AR at 67. Campbell argues that his actions were reasonable because he quit at the end of the school year out of consideration for his employer. In other words, Campbell asserts that although it was possible for him to continue working until February 2011, his decision to leave at the end of the 2010 school year was reasonable because the decision was ethical and professional. But under the statute's plain language, "reasonable" does not equate to considerate, understandable, commendable, or ethical as Campbell suggests.

The statute requires that the claimant "remained employed as long as was reasonable *prior to the move*." RCW 50.20.050(2)(b)(iii)(B) (emphasis added). Therefore, we evaluate the reasonableness of Campbell's decision in relation to the time of the move. *In re Keith A. Bottcher*, No. 02-2010-39007, 2011 WL 8129801 (Wash. Emp't Sec. Dep't Comm'r Dec. No. 963, 2d Series Feb. 18, 2011),[3] demonstrates the appropriate analysis for determining whether the decision to quit was reasonable in relation to the time of the move.

In *Bottcher*, Bottcher's wife received a job transfer that required her to relocate from Washington to Ohio. Because the couple was unable to sell their Bothell home prior to Bottcher's wife relocating to Ohio, Bottcher stayed in Washington until he sold their home. As a

---

[3] The ESD commissioner may designate certain decisions as precedential and publish those decisions under RCW 50.32.095. Precedential decisions of the commissioner are binding on the agency and are considered persuasive authority for this court.

condition of completing the sale, Bottcher was required to perform certain repairs. Bottcher resigned from his employment on September 30 and worked continuously on the home repairs for the period of time he was unemployed. Ultimately, the home was sold and Bottcher relocated to Ohio on December 5. The commissioner determined that because the repairs were necessary to complete the move, it was reasonable for Bottcher to resign two months prior to relocating. *Bottcher*, 2011 WL 8129801.

Here, Campbell has offered no evidence establishing that he required seven months to prepare for the temporary four-month trip to Finland. The explanation for his decision to resign at the end of the school year involved ethical and professional concerns for his employer. Campbell's decision to quit at the end of the school year had no relation to the timing of the temporary relocation to Finland. Therefore, Campbell failed to show that he remained employed as long as reasonable. Thus, Campbell failed to prove that his voluntary termination met both prongs of the "quit to follow" statute. Accordingly, the commissioner's decision that Campbell was disqualified from receiving unemployment benefits was correct. RCW 50.20.050(2)(b)(iii).

Campbell has requested attorney fees, payable from the unemployment compensation fund, under RCW 50.32.160. RCW 50.32.160 provides for reasonable attorney fees if we reverse or modify a decision of the commissioner. Because we affirm the commissioner's decision, Campbell is not entitled to attorney fees.

No. 42631-5-II

Accordingly, we affirm the commissioner's decision, and deny Campbell's request for attorney fees.

QUINN-BRINTNALL, J.

We concur:

VAN DEREN, J.

WORSWICK, C.J.