**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| DONALD L. MITCHELL,<br><br>　　　　　　Appellant,<br><br>　　　v.<br><br>STATE OF WASHINGTON<br>EMPLOYMENT SECURITY<br>DEPARTMENT,<br><br>　　　　　　Respondent. | No. 80319-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Mitchell appeals the King County Superior Court's affirmance of a decision of the commissioner of the Employment Security Department denying his claim for unemployment benefits. Mitchell contends the commissioner erred in determining he was disqualified from receiving benefits because he did not establish statutory good cause for voluntarily resigning from his position. The commissioner's findings are supported by substantial evidence and the commissioner correctly applied the law. We affirm.

FACTS

Donald L. Mitchell worked as a senior project manager for Geo-Comm, Inc. from October 2, 2017 to May 22, 2018. Geo-Comm provides mapping software and systems to emergency response services, including an emergency call routing product. Mitchell was responsible for products provided to 911. Mitchell alleges to have discovered critical safety issues with products under his purview.

On May 10, Mitchell gave notice of his resignation. Mitchell asserts that he had previously communicated to company leadership his concerns that the company was not following best practices in product development. In his resignation letter, dated May 5, Mitchell cited his reasons for leaving the company. He addressed concerns with product safety, a lack of urgency in selling products under his purview, and disagreements over his scope of authority. He closed by stating "I am who I am, and will be true to who I am. My motivation continues to be the woman dialing 911 on the street while her daughter lies on the pavement. That call must get through[]."

Following his resignation, Mitchell filed a claim for unemployment benefits. On July 11, 2018, the Employment Security Department (ESD) denied his claim for lack of good cause based on his voluntary resignation.

Mitchell filed an appeal of the ESD decision, resulting in an administrative hearing. Mitchell concedes that he resigned, but believes he did so with good cause. On September 27, 2018, the Administrative Law Judge (ALJ) affirmed. Next, Mitchell petitioned for a commissioner's review of the Office of Administrative Hearings' initial order. The commissioner affirmed concluding the evidence did not show that he quit for statutory good cause under the reasons listed at RCW 50.20.050(2)(b).

Finally, on December 7, 2018 Mitchell filed a petition for judicial review in King County Superior Court. In his petition, Mitchell argued the commissioner did not apply the facts in record or applicable law to the issues of "public safety and sincere moral principles supporting public safety." On July 12, 2019, the trial court

affirmed, holding the commissioner's conclusions of law did not constitute an error of law and the commissioner's findings of facts were supported by substantial evidence.

Mitchell appeals.

## DISCUSSION

I.  Standard of Review

The Washington Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of a final decision of the commissioner of the ESD. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). In reviewing a superior court's final order on review of the commissioner's decision, this court sits in the same position as the superior court, applying the APA standards directly to the administrative record. Courtney v. Emp't Sec. Dep't, 171 Wn. App. 655, 660, 287 P.3d 596 (2012). This court reviews the commissioner's decision, not the underlying ALJ decision. Verizon Nw. Inc. v. Emp't Sec. Dep't, 164 Wn. 2d 909, 915, 194 P.3d 255 (2008).

Whether a claimant had good cause to quit is a mixed question of law and fact. Terry v. Emp't Sec. Dep't , 82 Wn. App. 745, 748, 919 P.2d 111 (1996). The process of applying the law to the facts, is a question of law reviewed de novo. Tapper, 122 Wn.2d at 403.

We consider the commissioner's decision prima facie correct, and the party asserting invalidity has the burden of demonstrating the invalidity of the decision. Smith v. Emp't Sec. Dep't, 155 Wn. App. 24, 32, 226 P.3d 263 (2010). This court may reverse the commissioner's decision if (1) the decision was based on an error

of law; (2) substantial evidence does not support the decision; or (3) the decision was arbitrary or capricious. Id.; RCW 34.05.570(3). Substantial evidence is evidence that would persuade a fair-minded person of the truth of the matter. In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004).

## II. Good Cause for Voluntarily Resignation

Mitchell contends that Geo-Comm's unsafe products violated his sincere moral beliefs, constituting statutory good cause under the Washington Employment Security Act (Act). Title 50 RCW.

The Act, provides for unemployment benefits for "persons unemployed through no fault of their own." RCW 50.01.010. Unemployment benefits are intended to mitigate "the disruption caused by involuntary inability to obtain employment and to provide support for unemployed workers as they seek new jobs." Tapper, 122 Wn.2d at 407-08. Thus, claimants who resign voluntarily without good cause are disqualified from receiving unemployment benefits. RCW 50.20.050(2)(a).

It is the claimant's burden to establish their rights to benefits under the Act. Townsend v. Emp't Sec. Dep't, 54 Wn.2d 532, 534, 341 P.2d 877 (1959). A claimant can establish statutory good cause by establishing the existence of one of eleven factual circumstances enumerated in RCW 50.20.050(2)(b). Campbell v. Emp't Sec. Dep't, 174 Wn. App. 210, 216, 297 P. 3d 757 (2013), aff'd, 180 Wn. 2d 566, 326 P.3d 713 (2014).

Mitchell does not dispute that he resigned voluntarily. However, he asserts he voluntarily resigned with good cause under the circumstances set forth in RCW

4

50.20.050(2)(b)(x). To establish good cause under this provision, the claimant must demonstrate (1) that his usual work was changed to new work that (2) violated his sincere moral beliefs. RCW 50.20.050(2)(b)(x). Mere disapproval of the employer's method of conducting business does not constitute statutory good cause for voluntarily resigning. WAC 192-150-140(2)(b). The claimant must have notified their employer of the objectional condition unless doing so would be futile. WAC 192-150-140(2)(c). Further, the new work must directly affect the claimant's moral beliefs, and the objectionable condition must exist in fact, rather than mere speculation. WAC 192-150-140(2)(d)-(e).

Mitchell testified that he felt the company was not following best practices in developing its products for 911 services and that he "could not in good conscience" continue to represent those products. Mitchell claims he believed Geo-Comm's products could endanger callers' lives by causing 911 calls to be missed or routed to the incorrect first responder. He asserts that he brought these concerns to company leadership on several occasions, though he testified he never filed any claim with human resources. Mitchell argues this demonstrated his "fundamental moral belief that Geo-Comm was producing an unsafe product."

However, the commissioner concluded the ALJ was correct in finding the main reason for Mitchell's resignation was that "he was unhappy with the working environment and disagreed with the way the employer handled their business decisions." Mitchell testified to his dissatisfaction with the scope of his authority, being heard in only a "patronizing way" by leadership, and that his primary reason for quitting was "major defects" in Geo-Comm's "approach to product design." His

5

resignation letter mirrors these frustrations with lack of authority, as well as a lack of urgency in selling products within his line of business.

Further, though WAC 192-150-140(2)(e) requires the objectionable condition to exist in fact, the ALJ notes there was no evidence on record to show the products were actually unsafe.

The administrative record provides substantial evidence Mitchell voluntarily resigned from Geo-Comm without "good cause" as defined under the Act. Thus, he is ineligible for unemployment benefits related to his departure from Geo-Comm. The King County Superior Court correctly held that the Commissioner's conclusions of law did not constitute an error of law and the commissioner's findings of facts were supported by substantial evidence.

We affirm.

_Appelwick, J._

WE CONCUR

_Dwyer, J._       _Leach, J._

6